## W. D. DOBBINS VS. JACOB HALFACRE et al.

1. ADMINISTATOR: *Suit on bond.* Devastavit. *Suit by creditor of the intestate.*
The creditor of an estate of a deceased person, holding a judgment against the administrator, may maintain a suit against the administrator and his sureties in the circuit court, and it is not necessary to determine first the liability of the administrator in the chancery court. The creditor need not wait for the final settlement before he can sue for the *devastavit;* this may be established in the circuit court at the suit of a creditor.

2. ADMINISTRATOR: *Pleadings thereby. Judgment against. Effect thereof.*
At common law, if an administrator did not plead *plene administravit,* a judgment against him was a conclusive admission of assets. In a subsequent proceeding for a *devastavit* the judgment would be evidence of a sufficiency of assets. Under our statute an administrator is not required to plead *plene administravit,* and a judgment against him raises no presumption that he has received any assets.

3. SAME: *Section 1180, Code of 1871.*
This section dispenses with a separate suit against the administrator in order to fix his personal liability, and permits the *devastavit* to be primarily litigated in the suit on the bond. The effect of this statute is that the principal and his sureties are liable for the *devastavit,* which is the gravamen of the suit on the bond. In that suit, if the *devastavit* is established, judgment may be rendered against the obligors.

4. ESTATES OF DECEDENTS: *Creditors thereof. When they can sue on bond of administrator.*
A creditor of the estate of a decedent can maintain a suit on the bond of an administrator when he has reduced his demand to a judgment and has not been able to procure satisfaction out of the goods of the intestate, and when the administrator has wasted or misapplied the assets.

5. SAME: *Right of distributee to sue on bond.*
A distributee cannot bring suit on the bond of an administrator until his right, and the amount of it, has been ascertained by a decree of the chancery court, for his interest in the estate is the surplus after paying creditors, and this cannot be known until there has been an accounting by the administrator.

ERROR to the Circuit Court of *Winston* County.
Hon. J. A. ORR, Judge.

The facts in this case are sufficiently stated in the opinion of the court.

It is assigned for error that the court erred in sustaining the demurrer to the plaintiff's declaration.

*R. G. Rives*, for plaintiff in error:

Insisted that the declaration was sufficient to show the *devastavit*, and cited Code of 1871, § 611; 39 Miss., 785; 23 ib., 291; Code, 1871, § 1180; 50 Miss., 575; ib., 766; 6 How., 73; 12 S. & M., 439.

*W. S. Balling*, for defendants in error:

Insisted that the sureties on an administrator's bond cannot be sued until the amount and liability of the administrator is fixed by a court of competent jurisdiction. Cited 50 Miss., 575; 5 How., 638; 1 Port., 70; 3 Stew. & P., 263, 348; 2 Baily, 60; 8 McCord, 587; 15 Ohio (N. S.), 251.

SIMRALL, C. J., delivered the opinion of the court.

An action of debt was brought by W. D. Dobbins, usee, against Jacob Halfacre, principal, and Coleman and Gillis, sureties on the bond of the said Jacob, conditioned for the true and faithful and prompt performance of all the duties required of him by law, or the order of the court, as administrator of the goods * * * of H. L. Halfacre, deceased.

The declaration alleges the recovery by Dobbins, in the circuit court of Winston county, of a judgment against Jacob Halfacre, administrator of H. L. Halfacre, for the sum of $707, and costs of suit, upon a debt of the intestate in his life-time; that the administrator received assets amply sufficient to pay the debt; that no part of the debt has been paid, by reason whereof the defendants have become liable to pay $5,000, the penalty of the bond; wherefore he sues.

The defendants demurred on three special grounds:

1. The court has no jurisdiction.

2. Because no action will lie on the bond of an administrator and his sureties in the circuit court until the liability of the

administrator has been determined in the chancery court upon final settlement of the administrator.

3. Because the declaration does not show that the suit is brought for an amount due by the administrator on his final account, etc.   *   *   *

The circuit court adopted the view set forth in those assignments, and sustained the demurrer.

The condition of the bond is general, to the effect that the administrator will truly, promptly, and faithfully discharge his duties as required by law or the order of the court.   The sum of these is that he will, as soon as convenient, collect in the assets, pay the debts, and turn over the surplus to the distributees.   If he has received sufficient assets to pay the creditors, and fails to do so, there has occurred a breach of the bond. But in order that a creditor may avail himself of the breach he must have conclusively established his debt by the recovery of judgment.   Dinkins v. Bailey et al., 23 Miss., 290.   Manifestly the creditor need not wait for the final settlement before he can sue for the *devastavit*, nor is it any part of the office, or effect of that settlement as assumed in the 2d assignment, to determine the liability of the administrator to the creditor.

The administrator may pay a debt, on the *ex parte* proof of it by the creditor, or he may await its establishment by judgment.   If thus conclusively ascertained, he can prefer no excuse for a failure to pay except an exhaustion of assets for the benefit of creditors who had a preference, or the want of assets.   Randolph v. Singleton, 12 S. & M., 442.

The act of 1830, which has been reënacted in the subsequent revisions of the statutes substantially, allows a suit on the bond of the executor or administrator, for a *devastavit*, in the first instance, without first having instituted suit against the executor or administrator to establish a *devastavit*.   Code, 1871, § 1180.

At common law, if the administrator did not plead *plene administravit*, a judgment against him was a conclusive admis-

sion of assets in a subsequent proceeding for a *devastavit*. The judgment would be evidence of sufficiency of assets. He might, however, qualify his plea, admitting assets to a certain extent, and the presumption of law arising from the judgment would be subject to qualification.

In this state, under statutory provisions, the administrator is not obliged to plead *plene administravit*, and a recovery against him does not raise a presumption that he has received enough to pay the judgment, or to any amount whatever.

After some variations in the English courts as to the mode of establishing a *devastavit*, so as to hold the administrator personally, the English courts finally adopted the action of debt suggesting the *devastavit*. 1 Saund., 219, note 8.

The statute referred to (§ 1180, Code) dispenses with this separate suit against the administrator in order to fix the personal liability of the administrator. It permits the *devastavit* to be primarily litigated in the suit upon the bond.

The chief object was to dispense with this collateral litigation and permit the *devastavit* to be the gravamen of the action in the suit on the bond. The effect of the statute is that the principal and sureties are liable for the *devastavit*, which is the gravamen of the action on the bond. In that suit, if the *devastavit* is proved, then judgment may go against the obligators.

In the case of a creditor, therefore, there are only two conditions to the right of action on the bond: 1st, that he has reduced the demand to judgment, and has not been able to procure satisfaction from the goods of the intestate; and, 2d, that the administrator has wasted or misapplied the assets.

In the case of a distributee he must first have his right, and the amount of it, ascertained by the decree of the chancery court before he can sue the sureties on the bond; for, since his interest in the estate is the surplus after paying creditors, it cannot be known until there has been an accounting by the administrator.

The circuit court lost sight of this distinction, and hence the error of sustaining the demurrer for the causes assigned.

Judgment reversed, and judgment in this court overruling the demurrer, and cause remanded for further proceedings.