W. F. WALKER, ADMINISTRATOR, ET AL. v. THE STATE,
USE OF S. C. TAYLOR ET AL.

1. JURISDICTION. *Administrator's bond. Common-law action.*
   W. gave bond as administrator of the estate of T., deceased. He after-
   wards made his final settlement in the chancery; and a decree was
   rendered, ordering him to pay over the money found due to the dis-
   tributees, which he failed to do. An action was then instituted in
   the Circuit Court, upon his bond as administrator, to recover the
   amount due the distributees under said decree. *Held,* a plain com-
   mon-law suit, proper to be brought and decided in the Circuit Court.

2. SAME. *Chancery Court. Circuit Court. Administration.*
   The effect of our present Constitution, and the legislation under it, has
   been to extend the jurisdiction of the Chancery Court over the
   accounts of administrators, &c., but not to abridge the authority of
   the Circuit Court.

ERROR to the Circuit Court of Chickasaw County.

Hon. J. A. ORR, Judge.

On the twenty-second day of January, 1866, W. F. Walker,
one of the plaintiffs in error, became administrator of the
estate of John W. Taylor, deceased, and gave bond in the
usual form, signed by himself and the other plaintiffs in error.
Walker, as administrator, rendered a final account of the
administration of said estate ; and, on the thirty-first day of
October, 1873, the Chancery Court, when the administration
was pending, entered a decree ordering said administrator to
pay over to the distributees of the estate the sum of $384.45.
The administrator having failed to pay over this money in obe-
dience to the decree, an action of debt was instituted in the
Circuit Court, by the distributees mentioned in the decree, in
the name of the State, against him and his sureties, upon their
bond, to recover the same. The Circuit Court rendered judg-
ment in favor of the plaintiff in the lower court. The defend-
ants made a motion to have the judgment set aside, for the
reason that the Circuit Court had no jurisdiction of the subject-
matter of the action, and the Chancery Court had exclusive
jurisdiction thereof. The motion was overruled, and the

defendants sued out a writ of error, and assign for error the action of the court in overruling such motion.

*J. N. Carlisle*, for the plaintiffs in error.

1. The jurisdiction of the subject-matter is clearly defined in § 976, Code 1871, as follows: "In addition to the powers and jurisdiction hereinbefore conferred upon said Chancery Court, the courts in which the will may have been admitted to probate, letters of administration granted, or guardians may have been appointed, shall have power and jurisdiction to hear and determine all questions in relation to the execution of the trusts of such executors, administrators and guardians, or other officers appointed for the administration and management of such estates, and all demands against the same, and such estates, whether claimed by heirs at law, distributees, devisees, legatees, wards, creditors, or otherwise; and shall have power and jurisdiction in all cases in which *bonds* or other *obligations* shall have been executed in any proceedings had in said court in relation to such estates, or other proceedings had in said chancery courts, to hear *and determine upon proper proceedings and proof, the liability* of the obligors in such bond or obligation, whether as principal or surety, and by decree and process to enforce such liability."

2. This section, in plain terms, gives the chancery jurisdiction in said cause. Then, to show that it has exclusive jurisdiction, we quote § 519, Code 1871: "The Circuit Courts of the several counties in this State shall have original jurisdiction of all suits and actions for the recovery of money, founded on any bond, covenant, bill, promissory note, agreement, or other contract or any open account, when the principal of the sum in controversy exceeds the sum of $150; and of all other civil suits and actions, real, personal and mixed; and of all causes, matters and things arising under the Constitution and laws of this State, which are not expressly cognizable in some other court established by law," &c.

*McIntosh & Houston*, for the defendants in error.

1. Sect. 519 of the Code of 1871 gives to the Circuit Court original jurisdiction of all suits and actions for the recovery of money founded on any bond, covenant, bill, &c., where the amount in controversy exceeds $150, and of

all other suits, &c., not expressly cognizable in some other court.

2. Under our statutes the Chancery and Circuit Courts have concurrent jurisdiction, but, under the general rule for the construction of statutes, were there no provision giving the Circuit Court jurisdiction, yet, it being a common law action, the remedy given in chancery, being only cumulative, would not oust the common-law court of its jurisdiction. Potter's Dwarris on Statutes, c. 3, p. 68.

3. Under our Constitution, the jurisdiction over causes like the one at bar is vested in the Circuit Court. Const. art. 6, § 14.

*Harris & George*, on the same side.

We see no error in the action of the court below. Suits upon administrators', executors' and guardians' bonds, in courts of law, are expressly authorized by § 311, Code 1871. This action is founded upon a legal obligation, and is properly cognizable in a court of law. But this point has been decided in *Smith* v. *Everett*, 50 Miss. 575.

SIMRALL, C. J., delivered the opinion of the court.

The single objection urged in argument by counsel for the plaintiffs in error is that the Circuit Court had no jurisdiction of the subject-matter.

The suit was by the distributees against the administrator, and the sureties on his bond, for a failure to pay over to them the sum found due on the final settlement.

The argument is that, inasmuch as § 976 of the Code confers on the Chancery Court cognizance over bonds given in the course of the administration of estates of decedents, " to hear and determine, upon proper proceedings and proof, the liability of the obligors, . . . whether as principal or surety, and by decree and process to enforce such liability," an exclusive jurisdiction is thereby conferred ; and that courts of law cannot entertain suits on such obligations.

It was settled by repeated decisions, under the distribution of the judicial power in the Constitution of 1832, that the Chancery Court could not, at the suit of the distributees, call upon the administrator and the sureties on his bond to account

in that court, and decree against the principal and sureties for any balance ascertained to be due the distributees. The settled practice was to bring the administrator to an account and settlement in the Probate Court; and if he failed to pay the balance against him, there had occurred a breach of his bond, for which they must sue at law.

It pertained to a Court of Chancery to redress the *cestui que trust* in controversies with their trustees; and since the administrator sustained that relation to the distributees, the jurisdiction of a suit by the distributees, for an account of the assets, belonged legitimately to the court. The Constitution of 1832 was construed as taking away from the Chancery Court that subject, and confiding it exclusively to the Probate Courts.

In adjusting the judicial power, as organized by the present Constitution, the codifiers restored the Chancery Court to its original power over the subject; so that it is competent now for the distributees to compel the administrator to make a final settlement, and to obtain a decree against him and his sureties for the payment of the balance found due. The court treats the bond as an indemnity for the distributees, and enforces it as such. This legislation was sustained in the case of *Bank of Mississippi* v. *Duncan*, 52 Miss. 740, overruling former cases opposed to it.

But because the Chancery Court will entertain a suit for final settlement, and will decree against the obligors of the bond, it does not follow that the court of law is ousted of its authority to give redress for breaches of the contract. This action counts on the breach of the bond. It is a plain common-law suit, proper to be brought and decided in the Circuit Court. The effect of the Constitution and legislation under it has been to enlarge the jurisdiction of the Chancery Courts over the accounts of administrators, &c.; but neither abridges the authority of the Circuit Court. Counsel for the plaintiffs in error has fallen into the mistake of not observing this change in the judicial system.

This disposes of all that has been urged by counsel for reversal of the judgment.        *Judgment affirmed.*