ALEXANDER BRUNINI ET AL. *v.* MARIA SPERANZA PERA ET AL.

CHANCERY. *Jurisdiction. Suit on administrator's bond.*
> The Chancery Court has jurisdiction of a bill to enforce against an administrator and the sureties on his bond for the application of the proceeds of a sale of land, the amount previously found due the heirs as such proceeds on final settlement. *Bank of Mississippi* v. *Duncan*, 52 Miss. 740, and *Walker* v. *State*, 53 Miss. 532, affirmed.

APPEAL from the Chancery Court of Warren County.
Hon. UPTON M. YOUNG, Chancellor.
Alexander Brunini, the duly qualified administrator of Frank Pera, having, on decree for the sale of the real estate, given bond, with J. Sanguinetti and L. M. Lowenberg as sureties, for the proper application of the proceeds, Maria Speranza Pera, Maria Chelini, and Frediano Chelini her husband, as heirs of Frank Pera, petitioned the Chancery Court of Warren County for a final settlement of Brunini's accounts, and obtained a decree for $3,630.41, of which $3,410.41 was the proceeds of the sale of the realty. Brunini having failed to comply with

the decree, the heirs filed this bill to enforce the obligation for the application of the proceeds of the land against Brunini, principal, and Sanguinetti and Lowenberg, sureties. The defendants demurred, on the ground of want of jurisdiction, and because there was an adequate remedy at law ; and, after the overruling of their demurrer, having declined to answer, appealed from the final decree.

*Buck & Clark,* for the appellants.

1. The judicial power of the several courts of this State is derived from the Constitution, by which it is defined, and is exclusive in each court. Const. art. 6, §§ 1, 14, 16 ; *Walker* v. *State,* 53 Miss. 532 ; 2 How. (Miss.) 856 ; 3 How. (Miss.) 252 ; 32 Miss. 52 ; *Marbury* v. *Madison,* 1 Cranch, 137.

2. The legislature cannot, in the exercise of its constitutional power, withdraw from one court and confer upon another cases the subject-matter of which brings them within the jurisdiction defined by the Constitution for the former. *Farish* v. *State,* 2 How. (Miss.) 826 ; 4 How. (Miss.) 170 ; *Bank of Mississippi* v. *Duncan,* 52 Miss. 740 ; 1 Cranch, 137. This does not conflict with the authority of the legislature to fix the jurisdiction over any new right and remedy created by it, or, by ancillary legislation, to aid the courts in the exercise of their full jurisdiction conferred by the Constitution.

3. The case under consideration is one of recognized common-law cognizance, and, as an original suit, belonged to the jurisdiction of the Circuit Court. Code 1871, § 976, was not designed to cover a case like this ; and, if so construed, would be unconstitutional. *Smith* v. *Everett,* 50 Miss. 575 ; *Walker* v. *State,* 53 Miss. 532.

*Adam & Speed,* for the appellees.

The effect of Code 1871, § 976, is to confer on the Chancery Court jurisdiction to enforce bonds executed in administrations pending therein. The statute is manifestly constitutional ; and *Smith* v. *Everett,* 50 Miss. 575, not only announces an erroneous rule, but has been overruled by *Bank of Mississippi* v. *Duncan,* 52 Miss. 740, and *Walker* v. *State,* 53 Miss. 532, which are conclusive of the case at bar. The sureties can be proceeded against as well after the balance is ascertained as before.

CHALMERS, J., delivered the opinion of the court.

It is insisted that even if the principles enunciated in *Bank of Mississippi* v. *Duncan*, 52 Miss. 740, and *Walker* v. *State*, 53 Miss. 532, are correct, they will not justify the maintenance of a proceeding in the Chancery Court on a bond executed in a suit previously pending, or an administration already wound up in that court. This idea springs from a failure to appreciate the full force of the principles announced in the cases referred to, — principles of the soundness of which we entertain no doubt. The spirit of those decisions is that there is nothing in the Constitution which prohibits the legislature from granting to the Chancery Court the power fully to dispose of the subject-matter of any litigation which may arise under any of the recognized heads of its jurisdiction, without being compelled for any purpose to call in the aid of any other tribunal. If, therefore, in the progress of a suit properly pending in the Chancery Court it becomes necessary to execute any bond whatever, there is no constitutional principle which will prevent the legislature from conferring upon the court which exacted the bond full authority to enforce its obligation. This is not conferring a new jurisdiction upon the court, but only arming it with the requisite capacity to make its ancient jurisdiction effective. The jurisdiction depends not upon the order of the proceeding, but upon whether the bond was legally executed in that court in a litigation properly cognizable there. Sect. 976 of the Code gives the Chancery Court full jurisdiction over the obligors, both principals and sureties, on administrators' bonds. The act is constitutional, and it is wholly immaterial whether the sureties are pursued in the proceeding for a final settlement or afterwards.

*Decree affirmed.*