WHITFIELD & BILLUPS ET AL. *v.* A. J. EVANS, ADMINISTRATOR, ET AL.

1. CHANCERY PRACTICE. *Multifariousness. Suit on general and special bonds of administrator.*

A bill by judgment-creditors against an administrator, on his general administration-bond and his bond for the faithful application of the proceeds of the sale of realty, and against the sureties in the two several bonds, for a *devastavit*, is not multifarious by reason of embracing the two bonds in the same suit, and joining the different obligors thereof as defendants, it being alleged that the personalty of the estate, if applied, would not have been sufficient to pay the claims of the complainants. In such case, it is proper that the obligors in both bonds be sued together.

2. CHANCERY. *Jurisdiction. Suits on administrator's bonds. Devastavit.*
   Under the provisions of sects. 976 and 1180 of the Code of 1871, the Chancery
   Court has jurisdiction of a suit brought by judgment-creditors against an ad-
   ministrator and his sureties upon his general bond of administration and upon
   a bond given by him for the faithful application of the proceeds of realty, and
   such suit may be brought without having first established the *devastavit.*

3. CHANCERY PLEADING. *Devastavit by administrator. How alleged.*
   A *devastavit* by an administrator is sufficiently charged where the bill alleges,
   in effect, that the administrator had received money arising from the sale of
   property of the estate, which was unappropriated to any legal purpose, and
   that the complainants, who were judgment-creditors, after having executions
   issued and returned *nulla bona,* had made frequent demands on the adminis-
   trator to pay their claims, and he had refused to make any payments to them.
   And it is not necessary that the bill should allege that the administrator wasted
   or misapplied the assets of the estate.

4. SAME. *Suit upon a bond. Conditions, how pleaded.*
   In a suit in chancery upon an administrator's bond, the bill should set forth the
   conditions of the bond, and not merely state that the " bond was conditioned
   according to law."

APPEAL from the Chancery Court of Clay County.

Hon. L. BRAME, Chancellor.

The case is sufficiently stated in the opinion of the court.

*Houston & Reynolds,* for the appellants.

1. The bill is not multifarious. The suit against the admin-
istrator is entire, incapable of separation, and the sureties in
both bonds have connected themselves with him so as to make
them proper parties. 1 Dan. Ch. Pr. 337, 338, and notes;
*Lee* v. *Lee,* 55 Ala. 590; *Alexander* v. *Mercer,* 7 Ga. 549;
*McDougald* v. *Mattox,* 17 Ga. 52; *Powell* v. *Powell,* 48 Cal.
235; *Duerson* v. *Alsop,* 27 Gratt. 229; *McNeill* v. *Burton,* 1
How. 510.

2. As to the jurisdiction of the Chancery Court, see Code of
1871, sect. 976; *Brunini* v. *Pera,* 54 Miss. 649; *Walker* v.
*The State,* 53 Miss. 532; *Bank of Mississippi* v. *Duncan,* 52
Miss. 740.

3. The appellants had the right to sue upon the adminis-
trator's bonds without having first established a *devastavit.*
Code 1871, sect. 1180; *Dobbins* v. *Halfacre,* 52 Miss. 561.

4. The bill sufficiently alleges a *devastavit.* It is not neces-

sary to allege a waste or misapplication of the assets. The withholding of assets and the failure to apply them as required by law is a *devastavit*, and that is averred. *Stewart* v. *Richardson*, 32 Miss. 313; *Hoggatt* v. *Montgomery*, 6 How. 93; *Jeter* v. *Durham*, 6 J. J. Marsh. 228; 2 Lomax on Ex. 475.

*Baxter McFarland*, on the same side, filed a brief discussing the points in the case, and citing the following additional authorities : —

1. As to the right of the appellants to sue without having first established a *devastavit: Pilcher* v. *Drennan*, 51 Miss. 873.

2. On the point that the bill charges a *devastavit: Gordon* v. *Gibbs*, 3 Smed. & M. 473.

3. As to the point of multifariousness : *Brinkerhoff* v. *Brown*, 6 Johns. Ch. 139; *Gaines* v. *Chew*, 2 How. (U. S.) 602; 7 Smed. & M. 630; 27 Miss. 234; *Fellows* v. *Fellows*, 4 Cow. 682; *Butler* v. *Spann*, 27 Miss. 234; 3 Myl. & Cr. 85; Story's Eq. Pl., sect. 278, note 6; 9 Paige, 595.

*Frank A. Critz*, for the appellees.

1. The bill is multifarious, in joining in the same suit the sureties on the two several bonds of the administrator. Story's Eq. Pl., sect. 271; Coop. Eq. Pl. 182; Mitford's Eq. Pl. (Jeremy's Ed.) 181, note; 1 Dan. Eq. Pl. & Pr. 341–344; *Boyd* v. *Swing*, 38 Miss. 182.

2. The bill does not charge a *devastavit*. It fails to allege any waste or misapplication of assets by the administrator. Williams on Ex. (5th Am. ed.) 1629; *Dobbins* v. *Halfacre*, 52 Miss. 52; *Vick* v. *House*, 2 How. 617; *Buie* v. *Pollock*, 55 Miss. 312; *Payne* v. *Hook*, 7 Wall. 420; *Abbott* v. *Cole*, 5 Ohio, 87.

3. Although an administrator and his sureties may be sued upon his bond without having first established a *devastavit*, yet the suit must be in a court of law. Code 1871, sects. 311, 1180; Hutch. Code, 676; *Green* v. *Tunstall*, 5 How. 652; *Dinkins* v. *Bailey*, 23 Miss. 291; *Dobbins* v. *Halfacre*, 52 Miss. 562; *Smith* v. *Everett*, 50 Miss. 578. And sect. 1180

of the Code of 1871 does not apply to a bond for the sale of realty.

4. The conditions of the general administration-bond are not sufficiently pleaded to enable the court to judge of the liability of the sureties. Instead of setting out the conditions, the bill merely alleges that the bond was "conditioned as required by law."

*White & Bradshaw*, on the same side, filed a lengthy brief, and cited the following additional authorities : —

1. As to multifariousness : *Jones* v. *Foster*, 50 Miss. 47 ; 4 Johns. Ch. 204 ; *McNeill* v. *Burton*, 1 How. 516 ; *Wren* v. *Gayden*, 1 How. 336 ; *Newland* v. *Rogers*, 3 Barb. 432 ; *Kent* v. *Lee*, 2 Sandf. 105.

2. As to whether the bill alleges a *devastavit* : 1 Bouv. L. Dic. (ed. 1870) 473 ; *Dobbins* v. *Halfacre*, 52 Miss. 564 ; *Parcell* v. *Hartness*, 1 Wend. 303.

*Frank A. Critz*, of counsel for the appellees, argued the case orally.

SIMRALL, C. J., delivered the opinion of the court.

The complainants, judgment-creditors on recoveries against Andrew J. Evans as administrator of the estate of James A. Evans, deceased, exhibited this bill in chancery against the principal and sureties in the general administration-bond, and also on the bond for the application of the proceeds of the real estate which had been sold by the administrator, alleging a *devastavit* by the administrator.

The first objection taken by the demurrer to the bill is that it is multifarious : in this, that it improperly joins the obligors on the bonds as defendants in this suit.

On account of its intrinsic difficulty, courts of equity have never attempted to formulate a rule of universal application as an infallible test of multifariousness, but have inclined to leave each case dependent on its special circumstances. A party may prefer a general right against defendants who have separate and distinct interests. And the converse is

true, that a complainant cannot claim relief in the same bill for *several* distinct matters against several defendants. Mitford's Eq. Pl. 181; Story's Eq. Pl. 285; *ib.*, sects. 284, 286; *Dalafield* v. *Anderson*, 7 Smed. & M. 630; *Roberts* v. *Starke*, 47 Miss. 257; *Games* v. *Chew*, 2 How. (U. S.) 602. The rule was aptly illustrated in the case last cited.   The complainants claimed the land *under one title;* the defendants claimed, under distinct and separate purchases, different parcels of it; yet all were properly joined in the suit.   All the complainants had a *common right* against each defendant, although they claimed separate parcels of the property, to which the complainants' right applied.

So in the case before us, the complainants are creditors of the same estate; neither has an advantage or priority over the other.   They have a *common interest* in the *gravamen* of the suit, the alleged *devastavit* by the administrator.   The defendants the obligors of the bonds are concerned in that question, although interested in different degrees.   They are indemnitors for the administrator, — responsible for his good conduct in the administration of the trust.   The very " pith and marrow " of the complaint against them is, that they have incurred liability for the default of their principal, and should be answerable for it according to the measure of their undertaking.   Because the sureties on the general bond can be held for no more than the personal assets, and the sureties on the special bond only for the proceeds of the land sale, it does not follow that they are not interested equally in the subject of the *devastavit*, and in any testimony that may be offered, and account taken.

Reduced to the simplest form of statement, the case is this : Creditors who have two indemnities seek to have satisfaction out of them, in accordance with their respective terms and conditions.   They bring before the court the makers of both instruments, and ask that each shall be responsible according to the extent of their liabilities.   It was eminently proper that the obligors in both bonds should be parties, so that the conse-

quences of the *devastavit* of the personal assets should be visited upon the sureties of the general bond, and of the proceeds of the land sale on the sureties in the special bond.  The sureties in both bonds have a concurrent interest adverse to the complainants on the question of *devastavit*, and adverse to each other, if that shall be established, as to how responsibility for it shall be apportioned.  We think the bill is not multifarious.

It is next objected that this suit is not maintainable in chancery, but that actions ought to have been brought at law upon the bonds.  That question is put at rest by sect. 1180 of the Code, and the judicial expositions of the jurisdiction of the Chancery Court, as intended by the Constitution and defined by the Code.  *Bank of Mississippi* v. *Duncan*, 52 Miss. 740 ; *Walker* v. *The State*, 53 Miss. 532 ; *Brunini* v. *Pera*, 54 Miss. 649.

It is next assigned, as cause of demurrer, that the *devastavit* is not sufficiently alleged.

The bill alleges that personal property appraised at $5,640.25, and money derived from a sale of railroad-stock and cotton to the amount of $4,756.25, came to the hands of the administrator.  Out of this, exempt property to the value of $562.50, and $1,200 for support of the family, must be deducted. The personal property has been sold, but the amount produced is not stated.  In January, 1878, the real estate was sold for $8,965, which has been collected by the administrator.  The complainants, in that connection, allege, " That said administrator has not paid to the complainants, though they were at the time of said sale, as they are informed and charge the *fact to be, the only valid and existing* creditors of the estate of James A. Evans, deceased, any part of the proceeds of the sale of said lands, though payment of the same has been frequently demanded."  " The estate has never been declared insolvent."

It is further alleged that the proceeds of the personal estate, after crediting proper disbursements, would not be sufficient to pay the claims of the complainants, and therefore they have a

right to full satisfaction from the money derived from the sale of the land..

The prayer is for an account of these two funds, and a decree against the obligors in the general bond for the value of the personal assets which the administrator wasted, or which he has lost by negligence or has misapplied, and that for any balance a decree should be rendered against the obligors in the special bond, and for general relief.

In *Dobbins* v. *Halfacre*, 52 Miss. 563, which was an action at law on the bond, the charge of *devastavit* was, " that the administrator received assets amply sufficient to pay the debt; that no part had been paid ; wherefore, the defendants had become liable to pay $5,000, the penalty of the bond."

Speaking of what constitutes a breach, the court said : " The sum of the condition of the bond was, 'that the administrator will, as soon as convenient, collect in the assets, pay the debts, and turn over the surplus to the distributees.' If he has received sufficient assets to pay the creditors, and fails to do so, there has occurred a breach of the bond." The class of creditors who have this remedy, as stated in another part of the opinion, are those who have recovered judgment, and been unable, by legal means, to obtain satisfaction.

In *Randolph* v. *Singleton*, 12 Smed. & M. 442, the allegation was, " that goods and chattels to the amount of $12,000 had come to the hands of the administratrix, and that she has not well and truly administered, but has failed to do so : in this, that she has not paid the judgment."

In *Dinkins* v. *Bailey et al.*, 23 Miss. 290, the breach was stated in the same terms.

The allegation of the facts constituting the cause of action is all that good pleading requires. More than that is surplusage. *Devastavit* is a failure to apply the funds as the law directs. When, therefore, the administrator has received money which it is his duty to pay over to a judgment-creditor, and he fails to do so, he is guilty of a *devastavit*. The creditor need not go further, and show that he has used the money

·for individual purposes, or that he has misapplied it in some other way.   The law requires that he shall pay the debts.   If the creditor has failed to find property out of which to obtain satisfaction, he has exhausted the ordinary legal remedies, and he establishes a breach of the bond when he proves funds received by the administrator *legally* applicable to that debt.

The complainants, in effect, state that case.   They charge that large.sums of money were realized by the administrator by sales of property; that they were the only unsatisfied creditors; that there is a balance unexpended, derived from the personal property, unappropriated legally, and the entire sum of· the land-sale unexpended; and that the administrator, on demand made, refused payment.

The criticism made by counsel for appellee on the complainants' allegations respecting the general bond of the administrator is just.   The bill ought to have set out the condition of the bond, so that it would appear what were the undertakings of the sureties, rather than to allege that the "bond was conditioned according to law."   That is not a statement of fact, but a conclusion deducible from a fact not alleged.

Decree reversed, and cause remanded for further proceedings.