## W. P. CASSEDY *v.* H. C. MAYER.

1. ATTACHMENT FOR RENT. *Affidavit for. Before whom made. Section* 1302, *Code of* 1880, *construed. Case in judgment.*

Section 1302, Code of 1880, provides that if any lessor of lands or tenements make affidavit to certain facts therein set out before " any justice of the peace of the county where such lands or tenements are situated, * * * such justice of the peace shall issue an attachment against the goods and chattels of such tenants, etc." C. made an affidavit in accordance with the provisions of this section before a justice of the peace of the County of P., and caused the attachment to be issued by a justice of the peace of the County of F., where the land lies. The case was appealed to the circuit court, where, upon motion of the defendant, the affidavit was quashed and the case dismissed, because the affidavit was not made before a justice of the county where the land is situated and the levy was made. *Held,* that the court erred, as the affidavit need not have been made before the same officer who issued the attachment, nor before an officer in the same county in which the writ was to run, but could have been made before any officer authorized to administer oaths in this State.

2. JUSTICE OF PEACE. *Power to administer oaths.*

And under ¾ 2294, Code of 1880, a justice of the peace is authorized to administer oaths, wherever the same may be necessary or proper, in any proceeding, in any court, or under any law of this State.

APPEAL from the Circuit Court of Franklin County.

HON. J. B. CHRISMAN, Judge.

W. P. Cassedy made an affidavit before a justice of the peace of Pike County for an attachment for rent to become due by C. J. Monroe for certain lands situated in Franklin County. On this affidavit an attachment was issued under § 1302, Code of 1880, by a justice of the peace in Franklin County, and was levied on certain personal property. H. C. Mayer interposed a claim to the property. The claimant's issue was decided by the justice of the peace in

favor of the plaintiff, Cassedy, and the claimant, Mayer, appealed to the circuit court, and there moved the court to quash the affidavit and dismiss the case, because " the affidavit was made before a justice of the peace of Pike County, when the land on which rent was claimed and the property levied on was in the County of Franklin." The court sustained the motion and dismissed the case. The plaintiff appealed.

*W. P. Cassedy, pro se.*

The only question that is presented by this record is under § 1302, of the Code of 1880, in relation to landlord and tenants, whether the landlord has to *appear* before the justice of the peace who issues the writ *in person,* or by *agent* or *attorney* and make the affidavit.

The affidavit was sworn to and subscribed before a justice of the peace in Pike County, but this makes no difference, for if you can make the affidavit before another justice of the peace of same county, then there is no reason why you cannot make it before any other, whether in the county or not. The law merely requires *complaint on oath* to be made before the justice of the peace of the county where the lands are situated. The affidavit is merely the complaint. It might have been in the form of a petition or declaration sworn to. Section 2294 of the Code of 1880 provides a number of officers by whom oaths may be administered "whenever, same be necessary or proper in any proceeding in any court or under any law of this State," among whom are justices of the peace of the State. What could have been the reason of the law in making it necessary for the affiant to *personally appear* before the justice of the peace? He was to do nothing after he got there, only to make the complaint on oath, and if he makes a valid complaint on oath, then the requirement of the law has been met. The *complaint* must be made on oath, but the law does not say that the oath shall be administered by the justice issuing the writ. The language of the statute, § 1302, " before any justice of the peace where the lands are situated," is only intended to confer the territorial jurisdiction of that officer to issue the writ. It is the duty of courts to give

statutes a construction that will carry out the intent and spirit of the lawmaker, not a technical and contracted one to avoid the law.

No counsel in this court for the appellee.

ARNOLD, J., delivered the opinion of the court.

The court erred in quashing the affidavit and dismissing the cause. A construction of § 1302 of the code is too strict and literal, which requires that the affidavit for an attachment for rent shall be made before the same officer who issues the writ or before an officer in the same county in which the writ is to run. All that is material as to the affidavit in such case is, that it shall contain what the law requires and be sworn to before an officer competent to administer oaths. *Griffing* v. *Mills*, 40 Miss. 611 ; *Reinhardt* v. *Carter*, 49 Ib. 315.

Justices of the peace are among the officers enumerated in § 2294 of the code who are authorized to administer oaths whenever the same may be necessary or proper in any proceeding, in any court, or under any law of this State.

*The judgment is reversed and the cause remanded.*