LAWSON *et al. v.* DEAN.*

(Division A.   Oct. 18, 1926.)

[109 So. 801.   No. 25793.]

1. EXECUTORS AND ADMINISTRATORS.
   Under Code 1906, section 554 (Hemingway's Code, section 314), chancery court has full jurisdiction of proceedings against administrator and surety, to enforce claim allowed against estate.

2. EQUITY.
   Chancery court's jurisdiction over suits on administrator's bonds is not exclusive.

3. EXECUTORS AND ADMINISTRATORS.
   Failure of administrator to pay debt after its approval, when he has sufficient assets therefor, is breach of his bond.

4. EXECUTORS AND ADMINISTRATORS.
    Chancery court decree adjudging correctness of claim against estate
    of deceased is only *prima-facie* evidence against administrator's
    surety.

5. EXECUTORS AND ADMINISTRATORS.
    Admitting copy of administrator's bond in suit to enforce claim
    against estate after its approval *held* error, where copy of bond
    was not annexed to or filed with declaration as required by Code
    1906, sections 734, 735 (Hemingway's Code, sections 517 and 518),
    in view of Code 1906, section 2730 (Hemingway's Code, section
    2229).

*Corpus Juris-Cyc References: Executors and Administrators, 24CJ,
p. 1076, n. 66; p. 1081, n. 31; p. 1095, n. 63; p. 1103, n. 53.

APPEAL from circuit court of Newton county.
HON. G. E. WILSON, Judge.

Suit by E. D. Dean against M. M. Lawson, administrator of the estate of C. P. Lawson deceased, and another. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

*W. M. Everett,* for appellants.

*W. W. James,* for appellee.

COOK, J., delivered the opinion of the court.

M. M. Lawson was appointed administrator of the estate of C. P. Lawson, deceased, and qualified as such with the National Surety Company as surety on his administrator's bond. The appellee, E. D. Dean, probated his claim against said estate as the law directs, and the administrator filed a contest of the claim. After a full hearing of this contest before the chancellor, a decree was entered finding that claim of appellee against the estate was good and valid, and approving and allowing the same for payment. The administrator still refused to pay the claim, and thereafter the appellee filed a petition

in the chancery court praying for authority to sue the administrator and his surety, and a decree was entered authorizing and empowering the appellee "to institute a suit in the proper jurisdiction against the said administrator and the sureties on his bond," for the amount of the claim for sixty-four dollars and nine cents as probated, approved, and allowed. Thereafter, the appellee filed in a justice of the peace court his declaration against the administrator and his surety, setting forth the above-mentioned proceedings in the chancery court, and averring that the administrator had failed and refused to pay said claim, although he has funds in his hands belonging to said estate out of which to pay it, and praying for a judgment against the administrator and the surety for the amount of the claim with interest.

The court below held that the chancery court had full jurisdiction of the subject-matter of the controversy, and in so far as the correctness of the claim sued on was concerned, the finding of the chancellor upon that question was *res adjudicata.*

The view of the court below that the chancery court has full jurisdiction of the subject-matter of this controversy was correct. This jurisdiction is expressly given by section 554, Code of 1906 (section 314, Hemingway's Code), which provides that:

"The court in which a will may have been admitted to probate, letters of administration granted, or a guardian may have been appointed, shall have jurisdiction to hear and determine all questions in relation to the execution of the trust of the executor, administrator, guardian, or other officer appointed for the administration and management of the estate, . . . and shall have jurisdiction of all cases in which bonds or other obligations shall have been executed in any proceeding in relation to the estate, or other proceedings, had in said chancery court, to hear and determine upon proper proceedings and evidence, the liability of the obligors in

such bond or obligaton; whether as principal or surety, and by decree and process to enforce such liability.''

Under section 976, Revised Code 1871, which in effect, is the same as the present statute, it was held that the chancery court has jurisdiction over suits on an administrator's bond (*Walker* v. *State,* 53 Miss. 532; *Bruini* v. *Pera,* 54 Miss. 649; *Buie* v. *Pollock,* 55 Miss. 309), but this jurisdiction is not exclusive. An action at law may be maintained upon the bond of an administrator to recover for a breach of the conditions of the bond, and the failure of an administrator to pay a debt which has been presented and approved and allowed by the chancery court, when he has sufficient assets in his hands to pay, is a breach of the administrator's bond. *Probate Judge* v. *Hairston,* 4 How. 242; *Lee* v. *Gardiner,* 26 Miss. 521; *Cannon* v. *Cooper,* 39 Miss. 784, 80 Am. Dec. 101; *Dobbins* v. *Halfacre,* 52 Miss. 561.

Upon the question of the effect of the decree of the chancery court adjudging the correctness of the claim of appellee, it appears that in a great majority of the states it is held that such a decree is *res adjudicata,* but this state is definitely aligned with the minority view that such a decree is only *prma-face* evidence against the surety. In the case of *Lipscomb* v. *Postell,* 38 Miss. 476, 77 Am. Dec. 651, it was held that ''there is no privity existing between a guardian, executor, or administrator, and his surety, on his official bond, and hence, in the absence of a special stipulation to that effect in the bond, a judgment against the former will not conclude the latter,'' and ''in a suit against a surety on the bond of an executor, etc., a judgment against the principal in the probate court is admissible in evidence against the surety as a part of the *res gestae,* and as the unsworn admission of the principal; and hence, it is only *prima-facie* evidence against the surety.'' Again, in the case of *Williams* v. *State, to Use of Flippin,* 68 Miss. 680, 10 So. 52, 24 Am. St. Rep. 297, the court said:

"It is conceded by counsel that since the decision of *Lipscomb* v. *Postell,* 38 Miss. 476 (77 Am. Dec. 651), it has uniformly been held in this state that an account of the administrator in the course of administration, or a judgment or decree against him, is admissible in evidence against the sureties, and makes a *prima-facie* case to be rebutted by them."

Under the pleadings in the case at bar, we also think it was error to admit in evidence a copy of the bond sued on. Although this suit originated in a justice of the peace court, still section 2730, Code of 1906 (section 2229, Hemingway's Code), requires that any one desiring to sue before a justice of the peace shall lodge with him the evidence of debt, statement of account, or other written statement of the cause of action. The appellee filed a declaration properly charging a breach of the conditions of the bond, but no copy of the bond was annexed to or filed with the declaration as required by sections 734 and 735, Code of 1906 (sections 517 and 518, Hemingway's Code), in all actions founded on any writing. Unless the declaration is amended by attaching a copy of the bond sued on, evidence thereof should be excluded upon proper objection.

*Reversed and remanded.*

## On Suggestion of Error.

(Division A. Jan. 10, 1927.)

[110 So. 797. No. 25793.]

For former opinion, see 109 So. 801. 144 Miss. 309.

COOK, J., delivered the opinion of the court.

On a former day of this term the judgment of the court below in this cause was reversed, and the cause

remanded for a new trial as to both of the appellants. The appellee has filed a suggestion of error, in which it is urged that we erred in reversing the judgment against the appellant M. M. Lawson, administrator, and that the judgment should be reversed and remanded for a new trial only as to one of the appellants, the National Surety Company, surety on the administrator's bond. Upon a reconsideration of the cause, we have reached the conclusion that the language of the opinion of the court as previously filed herein, properly leads to an affirmance of the judgment as against the administrator, and a reversal as to the surety. The judgment previously entered will therefore be set aside, and a judgment will be entered affirming the cause as to the administrator, and reversing it and remanding the cause for new trial as to the surety company.

*Sustained.*