PERRAULT *v.* WHITE SEWING MACH. CO.

(Division B. March 31, 1930. Suggestion of Error Overruled May 5, 1930.)

[127 So. 271. No. 28411.]

Brandon & Brandon, of Natchez, for appellant.

Kennedy & Geisenberger, of Natchez, for appellee.

Argued orally by **Gerard Brandon,** for appellant, and by **W. A. Geisenberger,** for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

The White Sewing Maching Company, a corporation, was plaintiff and sued the appellant, Perrault, upon a promissory note made exhibit to the declaration, which note reads as follows:

"$739.00.   Natchez, Mississippi, March 27, 1925.

"For Value Received, Nine months after date, I promise to pay to order of White Sewing Machine Company, Seven Hundred thirty-nine 00/100—Dollars, with interest from September 27, 1925, at the rate of six per cent per annum.

"(Please insert the name of the Bank to which you wish us to send this note for collection).

"Bank   Bank of Commerce at Natchez, Mississippi.

"The makers and endorsers severally waive presentment for payment, protest and notice of protest and nonpayment of this note, and agree that if collected after maturity, ten per cent for attorney's fees shall be added, and in case of suit, judgment for same shall be included in judgment on note without any relief whatever from exemption laws.

"F. J. PERRAULT.

"P. O. Address Natchez, Mississippi.

"No. of Note 2297102.  Due December 27, 1925.

"Endorsed:

"Pay Bank of Commerce or order for collection for White Sewing Machine Co., Cleveland, Ohio.

".J. C. Sanderson, Sec. and Treas.

"Credit 4/26/26—  $35.00."

Another exhibit to the declaration was a contract signed by Perrault ordering certain sewing machines from the White Sewing Machine Company, together with attachments and advertising matter.  This contract read as follows:

"Traveling Solicitor                    J. H. Ware.
"Date 3/12, 1925.

"White Sewing Machine Co., Cleveland, Ohio.

"Gentlemen: Please ship by Freight Released, F. O. B. Cleveland, Ohio.

"To F. J. Perrault

"Town Natchez        State · Miss.

"Via Freight         When at once

The Following White Sewing Machines, Etc.

### Vibrating Shuttle Styles

| | |
|---|---|
| No. 67 G oak only 4 Dr. enclosed case | 73.00 |
| No. 61 Sit Straight Oak @. | 79.00 |
| No. 73 Oak Cabinet @ | 96.00 |

### Rotary Shuttle Electrics

| | | | |
|---|---|---|---|
| | No. 41 Electric Amer. Walnut | @ | 90.00 |
| | No. 91 Electric Golden Oak | @ | 138.00 |
| 2 | No. 91 Electric Amer. Walnut | @ | 142.00 |
| | No. 91 Electric Mahogany | @ | 148.00 |
| | No. 83 Electric Golden Oak | @ | 124.00 |
| 3 | No. 83 Electric Amer. Walnut | @ | 128.00 |
| | No. 83 Electric Mahogany | @ | 134.00 |
| | (7807) | | |

### Rotary Shuttle Styles

| | | | |
|---|---|---|---|
| | No. 67 G Oak only 4 Dr. enclosed case | @ | 79.00 |
| 2 | No. 61 Sit-Straight Short Iron Legs Oak | @ | 85.00 |
| | No. 61 Sit-Straight American Walnut | @ | 89.00 |
| | No. w61 Wood Legs Sit Straight Oak | @ | 87.00 |
| | No. 87 Sit-Straight Short Iron Legs Oak | @ | 92.00 |
| | No. 87 Sit-Straight American Walnut | @ | 96.00 |
| | No. 73 Cabinet Oak | @ | 102.00 |
| | No. 73 American Walnut | @ | 106.00 |
| | No. 73 Mahogany | @ | 112.00 |
| 12 | D. M. Cours | | 1.00 each |
| 3000 | D. Hangers Imptd as per attached ordered 3/24/25 5495 | | |
| 1 | No. 61 Sit-Straight Oak, as an Advertising free, concession | | |

Advertising

| | | | Sched. 23½ Form G92 50 Bks |
|---|---|---|---|
| 300 | P 2 | | |
| | P 4 | S 5 | 1-25 |
| | | S 6 | |
| 500 | P 21 | | |
| | P 23½ | 6 S 2 | Do not write in this space |
| | P 28½ | 2 S 17 | |
| | P 30E | S 20 | Rec'd        Mar. 16 1925 |
| | P 34E | | Ck. Dft. Mo. Ex. Mo.——— |
| 500 | P 33 | 2 W T 2Pc | Cy. Stamps——— |
| | P 36 | Trim for | Rec'd by ——— |
| | | 2 Dress | Passed by———M 3/17 |
| | | Course | Entered by——— |
| 1000 | N 1 | S 22 E | Ack'd by ——— |
| 1000 | N 3 | S 23 E | |
| | | S 24 E | Do not write in above space |

"Rotary styles 73, 83, 91, 61, 88, in American Walnut woodwork $2.00 net wholesale extra. Rotary styles 73, 83, 91, in Mahogany woodwork $5.00 net wholesale extra.

"Shipment of this order contingent upon strikes, fires, accidents of other causes beyond our control.

"No. 83 and 91 can be equipped with short cord vimco-light $3.00 net wholesale extra.

"Terms: Wholesale Trade Discount Fifty (50%) per Cent. from Prices named herein.

"All machines on this order to be settled for by Trade Acceptance or Note due      9 from date of invoice. If cash is received within 30 days from date of invoice, a discount of $2.00 per machine will be allowed on machines charged at full price. Or if paid in 60 days, on same basis, $1.00 only discount per machine. Interest at the legal rate will be charged after 6 months from the date of invoice covering this purchase. Advertising machines free only upon payment of invoice according to terms.

"It is agreed that if the undersigned fails or neglects to settle any invoice by note, trade acceptance or cash, according to the terms thereof, within thirty days after maturity, or to pay any note or trade acceptance given according to its terms, then that the whole amount ow-

ing the White Sewing Machine Co., shall at once become due and payable without discount. This order is given subject to the approval of the White Sewing Machine Co., and if accepted and filled in full or in part, to be settled for at the price and terms above set forth. There is no understanding or agreement of any nature whatsoever between your Company and the undersigned as to these machines except such as is embraced in this written order which contains all of the terms and conditions upon which the same is given.

"[Signed]                              F. J. Perrault.
"P. O. Address                         Natchez, Miss.
"Price subject to change without notice.
"This order not subject to countermand."

---

The defendant pleaded the general issue, and also a special plea. In the special plea he alleged: That as a part of the same transaction in which the defendant executed the order and the promissory note sued on, and also as a part of the inducement therefor, the said plaintiff, White Sewing Machine Company, by and through its several officers, agents, and employees, on or about the 12th day of March, 1925, entered into a certain contract and agreement with this defendant by which it was represented and agreed by the plaintiff that the said plaintiff, White Sewing Machine Company, in order to introduce its machines in the city of Natchez, Mississippi, would put on and conduct at the defendant's place of business in Natchez, Mississippi, an intensive demonstration and sales campaign of the machines of the plaintiff; that the defendant should order twelve sewing machines of and from the plaintiff in accordance with the order filed as an exhibit to the plaintiff's declaration and that said machines would be delivered by the plaintiff to the defendant according to the terms of the order, and that the plaintiff's representative, J. H. Ware, would personally conduct, with the assistants to be furnished by the White Sewing Machine Company, a demonstration and

sales campaign as soon as certain machines to be ordered as aforesaid by the defendant were received; that the said J. H. Ware was a competent, experienced, and expert demonstration and sales campaign manager; and that it was represented that the defendant was to do nothing except distribute certain advertising matter and furnish the place for the conduction of the sale; that the entire demonstration and sales campaign would be handled by the said Ware and assistants to be furnished by the plaintiff; that the machines were to be sold by the plaintiff to the custom and trade in Natchez, Mississippi, at and according to list price named and mentioned in the order filed as an exhibit to the plaintiff's declaration, which amounts were double the wholesale price of cost of said machines, and that the defendant would receive the entire benefit of said sales to be conducted as contracted and agreed, less certain incidental expenses to be incurred for advertising said campaign; that the said machines were to be sold to customers upon terms of a certain percentage to be paid in cash and the balance to be paid in monthly installments, and that all sales contracts were to be turned over and delivered to the defendant to be his property; that all sales of machines during the campaign should be absolute and bonafide sales by which the purchasers would be bound and obligated to pay the said Perrault the purchase price thereof; and that the defendant should have no part in the conduct of said sales campaign except to pass upon the credit standing of prospective purchasers of said machines.

It was further alleged that in pursuance of said agreement plaintiff shipped the defendant the said twelve machines and that thereafter on March 21st, said twelve machines together with one No. 60 Rotary Machine Free for advertising, and other materials for advertising, were received; and that the plaintiff pretended on its part to carry out its contract and agreement for the conduct of the demonstration and sales campaign as it had agreed to do, but breached the terms and violated the contract in

divers and sundry manners. It was then set forth that one Dickson was sent to conduct the sales campaign, accompanied by his wife to act as a demonstrator of the machines, and that after the said Dickson arrived he began to make excuses, claiming he had engagements elsewhere and could not conduct the said sales campaign, and that the company sent another man by the name of Evans to conduct the said demonstration, and that defendant was induced to enter into certain stipulations by which a commission would be paid to Evans for his services; that the defendant saw that, unless he did make such an arrangement, it would mean a failure of the sales campaign. He then alleged that the said Evans, instead of making direct and binding sales to the purchaser, executed contracts by which said sales were rented to the purchaser with an option of purchase, which did not bind the person taking the machines to pay for them, but only to pay the stipulated rent, and that the machines were used under these lease contracts by the parties with whom they were placed, so that they became secondhand machines and could not be sold as new machines, and could not be sold at the price stipulated in the order as retail prices, and that many of them were, in fact, practically worthless.

This special plea was demurred to, and the demurrer sustained. The defendant thereupon filed notice under the general issue, which set up substantially the same matter set forth in the plea. The defendant offered to prove the matter set forth in the notice under the general issue, this was objected to, and objection sustained, and a motion for a directed verdict was sustained and judgment entered for the plaintiff, for the amount of the note, interest, and attorney's fees.

From this judgment this appeal is prosecuted, and it is urged by the appellant that there were two separate individual contracts, and that plaintiff should be allowed to recover his damages incurred through the matter set up in the notice under the general issue. It was also contended that the verbal representations were an in-

ducement to purchasers of machines, and that the plaintiff relied upon the representations that the company would conduct the sales and dispose of the machines for his benefit as therein set forth. It will be noticed from the order, set out above, that the order contained a provision:

"It is agreed that if the undersigned fails or neglects to settle any invoice by note, trade acceptance or cash, according to the terms thereof, within thirty days after maturity, or to pay any note or trade acceptance given according to its terms, then that the whole amount owing the White Sewing Machine Company shall at once become due and payable without discount. This order is given subject to the approval of the White Sewing Machine Company, and if accepted and filled in full or in part, to be settled for at the price and terms above set forth. There is no understanding or agreement of any nature whatsoever between your Company and the undersigned as to these machines except such as is embraced in this written order which contains all of the terms and conditions upon which the same is given.

"[Signed] F. J. Perrault."

It is well settled by numerous decisions of this court that where a contract is sent to a dealer for approval, containing such a statement, that verbal understandings not embraced in the contract cannot be shown to defeat the effect of the signed instrument. It is a familiar rule of law that a contract reduced to writing, not ambiguous upon its face, is the exclusive agreement of the parties, and that all verbal representations and negotiations antedating the signing of the contract are merged therein, and cannot be proven to vary or contradict the meaning of the instrument as written.

We are of the opinion that this case is controlled by J. B. Colt Co. v. Odom, 136 Miss. 651, 101 So. 853; Brenard Manufacturing Company v. Sumrall, 139 Miss. 507, 104 So. 160; J. B. Colt Co. v. Hinton, 143 Miss. 800, 109 So. 856; Jourdan v. Albritton, 146 Miss. 651, 111 So. 591; Edrington y. Stephens, 148 Miss. 583, 114 So. 387; Stevens

v. Stanley, 153 Miss. 801, 121 So. 814; J. R. Watkins Co. v. Poag, 154 Miss. 222, 122 So. 473; Tropical Paint & Oil Co. v. Mangum & Hatcher (Miss.), 125 So. 248.

The judgment of the court below will, therefore, be affirmed.

Affirmed.