PARKER *et al. v.* McCASKEY REGISTER Co.

(Division B. Dec. 7, 1936.)

[171 So. 337. No. 32446.]

348

**Sturdivant & Hollomon,** of Columbus, for appellants.

350

**Loving & Loving,** of Columbus, for appellee.

**Anderson, J.,** delivered the opinion of the court.

Appellants, under the partnership name of Modern Cleaners, were engaged in the business of cleaning and pressing clothes in the city of Columbus. The appellee, an Ohio corporation with its principal place of business in the city of Alliance in that state, was engaged in selling vertical registers, a machine used in business establishments. Appellants bought one of the machines, for which they agreed to pay one hundred eighty-three dollars and forty-one cents. They paid sixteen dollars and two cents cash, leaving a balance due of one hundred sixty-seven dollars and thirty-nine cents. They failed to make any further payments. Appellee thereupon proceeded, under section 2243, Code of 1930, to enforce a purchase money lien for the unpaid balance. The proceeding was had in a justice of the peace court in Lowndes county; there was a judgment in that court for appellants, and an appeal by appellee to the circuit court, where there was a trial de novo resulting in a judgment for appellee. From that judgment appellants prosecute this appeal.

The register was sold to appellants by one of appellee's traveling salesmen. The agreement between the parties consisted of a written contract of sale and a note.

In connection with each contention relied on by appellants for reversal, we will undertake to make the necessary statement of the case for a proper consideration of the question involved. The affidavit for the seizure was made by one of appellee's officers before a notary public of the city of Alliance, Ohio. Appellants argue that the proceeding was void because it was not shown that the notary public had authority to take and certify to affidavits. It may be that the courts will presume, un-

til the contrary is shown, that the authority for a foreign officer under the laws of his state is the same as an officer of similar character under the law of this state. We do not decide that question. A complete answer to appellants' contention is section 1598, Code of 1930, and section 126 of the Ohio Gen. Code of 1926. That section of our Code provides that when any question shall arise as to the law of the United States, or any other state or territory of the United States, or District of Columbia, or any foreign country, the court shall take judicial notice of such law in the same manner as if the question arose under the law of this state. The Ohio statute provides, among other things, that notary publics shall have the power within the county or counties for which they are appointed to administer oaths and certify to the same.

Appellants contend that the proceeding was unauthorized and void on another ground—that under section 2243, Code of 1930, the affidavit was required to be made before an officer authorized to administer oaths in the county where the machine was situated. The statute provides, with reference to the making of the affidavit, that any person having a purchase money lien "can enforce the same by making affidavit before any officer authorized to administer oaths of any county where the subject-matter of the lien may be." The argument is that the provision as to the officer before whom the affidavit can be made is exclusive—that no other officer has any authority to take the affidavit. That provision must be construed in connection with section 745 of the Code, which provides, in substance, that any judge of any court of record, clerk of such court, master in chancery, member of the board of supervisors, justice of the peace, notary public, mayor, or police justice of a city, town, or village, "and any officer of any other state, or of the United States, authorized by the law thereof to administer oaths," may administer oaths and certify the same

whenever necessary or proper in a proceeding in any court of this state. Section 2243 is not mandatory in its language as to the officer taking the affidavit; it provides, "*can* enforce the same by making affidavit."

A like question was involved in Cassedy v. Mayer, 64 Miss. 356, 1 So. 510. Section 1302, Rev. Code of 1880, provided that if any lessor of lands made affidavit to certain facts before "any justice of the peace of the county where such lands . . . are situated," such justice of the peace should issue an attachment for the rent. The affidavit in that case was made before a justice of the peace of a county other than the one wherein the land was situated. The attachment was issued by a justice of the peace of the county where the land was situated. Upon motion in the circuit court the affidavit was quashed and the case dismissed on the ground that the affidavit was not made before a justice of the peace of the county where the land was situated. The Supreme Court reversed the judgment. Construing section 2294, Rev. Code of 1880, along with section 1302, the court held that a justice of the peace was authorized to administer oaths wherever the same was necessary in any proceeding in any court under any law of this state. We hold, therefore, that this attack on the affidavit is without merit.

On the trial in the circuit court appellants moved to dismiss the case because the written contract for the sale of the machine and the note given for the purchase money were not attached to and made a part of the affidavit for the writ of seizure in the justice of the peace court. Appellee was permitted by the court to file with the affidavit the contract and note. Thereupon the motion to dismiss was overruled. Appellants argue that under sections 2078 and 527, Code of 1930, the written contract and note evidencing the transaction, or copies thereof, should have been attached to the affidavit for the writ in the justice of the peace court—that they

were the foundation of the action, and without them no cause of action was stated until the amendment was made, which, in effect, was the beginning of the action in the circuit court, which had no jurisdiction because the amount involved was less than two hundred dollars. Section 2078 provides, among other things, that any one desiring to sue before a justice of the peace shall lodge with him the evidence of debt, statement of account, or other written statement of the cause of action. Section 527 provides that a copy of any writing of which profert is made, or ought to be made, in any pleading, shall be annexed to or filed with the pleading, with the names of the subscribing witnesses, if any, "and evidence thereof shall not be given at the trial unless so annexed or filed; and every writing filed with any pleading, as part of it, shall thereby become a part of it, and be so considered for all purposes of the action." The point is whether this amendment was permissible in the circuit court. We are of the opinion that it was. The statement of the cause of action in the justice of the peace court was not void but only defective. In the affidavit for the writ filed in the justice of the peace court the cause of action is clearly set out; it describes the sale of the machine, the date of the sale, the price, the cash payment, and the deferred payments, and that a lien was retained for the payment of the unpaid purchase money. Attached to the affidavit was an itemized statement of the account, showing price and cash payment. The amendment did not state a new and different cause of action, but simply elaborated and explained the cause of action already stated.

Lawson v. Dean, 144 Miss. 309, 109 So. 801, 802, 110 So. 797, was begun in the justice of the peace court; its foundation was a breach of an administrator's bond. In the statement of the cause filed in the justice of the peace court neither the bond nor a copy was made an exhibit. On appeal to the circuit court the plaintiff was

permitted to introduce the bond in evidence. The Supreme Court held this was error and reversed the judgment. The court said: "Unless the declaration is amended by attaching a copy of the bond sued on, evidence thereof should be excluded upon proper objection." The court, therefore, necessarily held that the amendment could be made in the circuit court for the first time.

On the trial appellants offered to prove that the machine was sold to them by sample through one of appellee's traveling salesmen; that the salesman warranted that the machine was suitable for their business as dry cleaners and dyers; that it would hold all their accounts; that it would enable them to post and keep all their accounts in such manner that they would be up to date at all times and could be reached in a few seconds; that it would provide individual and separate compartments for each account; then when the machine arrived, instead of coming up to the representations, it was found to be entirely unsuitable for appellants' business; that it would not accommodate the accounts of their customers; that it had separate and individual compartments for less than one-half of their accounts; that they could not turn readily and speedily to any account desired; that many of them could be reached only by extended search and delay; that when appellants discovered that the representations and warranty had been breached, they offered to return the machine to appellee, but the latter declined to accept the same; that thereafter appellants, in order to save appellee harmless, obtained a purchaser for the machine, Mrs. Ellis, who was ready and willing to purchase and pay for the same, and that they delivered it to her and notified appellee thereof; that thereupon appellee sent a representative to Columbus, who saw Mrs. Ellis and told her that her purchase would not be recognized and sold her another machine. The court sustained appellee's objection to the proferred testimony upon the ground that it was contradictory of the

written contract between the parties. The contract provides that the conditions and stipulations set out therein cannot be altered or varied by any verbal agreement or understanding between the parties, and further that the machine should not be sold without the consent of appellee.

A contract when reduced to writing, which is not ambiguous upon its face, is the exclusive agreement of the parties, and all verbal representations and negotiations antedating the completion of the contract are merged therein and are not subject to proof changing or contradicting the meaning of the instrument. Perrault v. White Sewing Machine Co., 157 Miss. 167, 127 So. 271, and numerous authorities there cited. There was no error in excluding the proposed evidence.

Affirmed.