DELTA LOAN & FINANCE CORPORATION *v.* CRAVEN, et al.

No. 40472          May 13, 1957          95 So. 2d 104

*Harold B. Cubley, Jack Stewart, C. M. Morgan, Jr.,* Hattiesburg, for appellant.

*John D. Kervin,* Collins, for appellees.

ARRINGTON, J.

The appellant, Delta Loan and Finance Company, a corporation, instituted this action in replevin against the appellees, Doyle Raymond Craven and Vondell Craven, to recover possession of one 1952 model New Moon Automobile House Trailer of the value of $2,000. From an adverse judgment, the Finance Company appeals.

On February 29, 1952, the appellees purchased from the Southern Trailer Exchange and Park of Jackson, Mississippi, the above described automobile house trailer. The usual conditional sales contract was executed, showing a balance due of $4840.32, to be paid in 48 monthly installments of $100.84 each from March 1952 to February 1956. On the same date, February 29, 1952, the contract was assigned to appellant. Upon the service of the writ of replevin, the appellees tendered a proper bond and retained possession of the house trailer.

The appellees admit the execution of the contract and that no payment has been made since December 1954. The appellees' defense, as testified to by Doyle Raymond Craven, was that he was disabled on June 26, 1954, for a period of thirteen months and one week, and that by virtue of credit life insurance purchased by appellant and evidenced by the conditional sales contract, no payments were to me made by him if disabled. The conditional sales

contract provided for insurance, one item of which was credit life insurance. A copy of this policy was introduced in evidence and shows that it provided for payment only upon the death of the purchaser. The appellee Craven testified that at the time of the purchase, he was informed that credit life insurance would take care of the payments in the event he became disabled to work. The contract did not provide for health and accident insurance. Paragraph 8 of the contract provides:

"This agreement constitutes the entire contract and no waivers or modifications shall be valid unless in writing and attached hereto and the property is accepted without express or implied warranties unless written hereon at the time of execution."

■■ It is well settled that where a written instrument is plain and unambiguous, parol evidence is inadmissible to vary, add to, or contradict the written instrument. Perrault v. White Sewing Machine Co., 157 Miss. 167, 127 So. 271; Credit Industrial Co. v. Adams County Lumber & Supply Co., et al, 215 Miss. 282, 60 So. 2d 791; Parker, et al v. McCaskey Register Co., 177 Miss. 347, 171 So. 337; Commercial Credit Co. v. Summers, 154 Miss. 501, 122 So. 541.

■■ There was no issue to be decided by the jury, since it was admitted by the appellees that there was a balance due and owing of $1408.76. The court erred in refusing the appellant's requested peremptory instruction. The judgment of the court below is reversed and judgment entered here for the appellant against the appellees and the sureties on their bond that they restore the trailer to the appellant, if to be had, or pay its interest therein.

Reversed and judgment here for appellant.

*McGehee, C. J.* and *Lee, Ethridge* and *Gillespie, JJ.,* concur.