## J. B. COLT Co. *v.* ODOM.[*]

(Division B. Nov. 24, 1924.)

[101 So. 853.  No. 24401.]

1. EVIDENCE.  *Purchaser's representations that no oral or written statements made by agent precludes avoidance of contract after acceptance for agent's representations.*

   Where a contract procured by an agent is to be sent to the principal for approval before it becomes a contract, and where the purchaser in the written contract represents that no agent or representative of the company has made any agreements or statements, verbal or written, modifying or adding to the terms and conditions therein set forth, and that the order covers all of the agreements between the purchaser and the company, and cannot be modified, except in writing approved by the officers of the company, and such contract is accepted without notice of verbal representations or agreements, the purchaser cannot thereafter avoid the contract because of oral representations made by the agent procuring the written order.

2. EVIDENCE.  *Instruction, that if purchaser relied on representations contract void, held erroneous.*

   In a suit on such contract, it is error to give instructions to the jury that the purchaser has a right to rely upon representations made by the agent as to quality, character, etc., of the appliance ordered, and that, if the purchaser relied upon such representation, the contract was void.

3. SALES.  *Purchaser of warranted property not entirely worthless should return or offer to return within reasonable time after dis-*

*covery of breach; purchaser retaining property without offer to return for breach of warranty can only defend as to difference between value as warranted and purchase price paid.*

Where the property is not entirely worthless, and where it has been warranted as to quality and workmanship, it is the duty of the purchaser to return or offer to return such property for a breach of warranty within a reasonable time after the same is discovered. If he retains the property after such notice, and without such offer, he can defend only as to the difference between the value of the article as warranted and the purchase price paid therefor.

---

\*Headnotes 1. Evidence, 22 C. J., section 1621; 2. Evidence, 22 C. J., section 1621; 3. Sales, 35 Cyc, pp. 437, 468.

Appeal from circuit court of Jones county.

Hon. R. S. Hall, Judge.

Suit by the J. B. Colt Company against D. M. Odom. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

*W. S. Welch,* for appellant.

Clearly the plaintiff was entitled to the instructions as requested, without this modification. See *Lumbermen's Supply Co.* v. *Poplarville Saw Mill Co.,* 78 So. 156. An offer to return to be available, if a mere offer to return is ever sufficient, must be an offer to return to the vendor at the place of delivery, which in this case would have been at the place of shipment. See *Young* v. *Arntze,* 5 So. 253; *Rumsey & Sikemeier Co.* v. *Jacob,* 46 So. 169; *Case Threshing Machine Co.* v. *McCoy,* 111 Miss. 715, 72 So. 138. If a mere offer to return is ever sufficient to take the place of an actual returning of the merchandise, then we submit such offer must be made to a party in interest; it must be communicated to the principal. Certainly the appellant was not bound by an offer to a stranger to the transaction. And we urge that the offer that Odom made to return was not seasonably made and was not made to anyone in authority.

In the trial of the case, over the repeated and persistent objection of the appellant, the appellee was permitted to testify as to statements made to him by the agent of the appellant while negotiations were pending for the sale of the plant; that this testimony was incompetent and inadmissible is so well known and the rule denying its admissibility is so universally approved in this court that it would seem unnecessary to cite authority. *Bettman-Dunlap Co.* v. *Gertz Bros.*, 99 So. 384.

The demurrer of the appellant to two special pleas of the defendant should have been sustained because: (a) The pleas set up conversation and oral representation made by and between the parties during the negotiations leading up to and before the execution of the written contract, and not contained in the written contract, and which constitutes no defense; and, (b) Because the said pleas do not aver or in any way show the extent to which the defendant claimed to have been damaged because of the pretended breach of the warranty contained in the written contract. If accepted as true, the pleas wholly failed to show the extent, if to any extent, the defendant was entitled to recoup, or diminish the plaintiff's recovery.

The identical contract involved in the present case was considered by the supreme court of Alabama recently in two cases. *Bozeman* v. *J. B. Colt Co.*, 95 So. 588; *J. B. Colt Co.* v. *Channell*, 95 So. 209. It is to be borne in mind that the plant was sold by the appellant to the appellee f. o. b. cars at shipping point, and the appellee had the plant installed in his residence. The only offer to return the plant was an offer made by the appellee to a collector, who visited him after the maturity of the note. An offer to return a plant that has been installed is not sufficient. There must be an offer to dismantle and deliver to a carrier at the point of origin. *Carver Gin & Machine Co.* v. *T. W. Gaddis*, 62 Miss. 201; *Alig* v. *Lacky*, 114 Miss. 392, 75 So. 139; *E. O. Evans Piano Co.* v. *Tulley*, 116 Miss. 267, 76 So. 833; *Case* v. *McCoy*, 170 Miss. 715, 72 So. 138.

The appellee being under the duty, if he elected to rescind the contract, to return the wares to the plaintiff at the place of shipment, is in the same attitude as if he had never made any offer to return, whatever. *Young* v. *Arntze, supra,* 35 Cyc. 147; *Rumsey & Sikemeier* v. *Jacob, supra; Freeman* v. *Keene,* 49 So. 567; *Stillwell et al.* v. *Biloxi Canning Co.,* 78 Miss. 779, 29 So. 513.

The plaintiff requested the following instruction: "For the plaintiff, the court instructs the jury that your verdict must be for the plaintiff but if you believe from the preponderance of the testimony that the plant was not as warranted, then you may allow the defendant credit on the note sued for the difference in the value of the plant as it was and its value if as warranted." Partial failure of consideration is a defense only *pro tanto, Jones* v. *Curtis,* 99 So. 438; *Stillwell et al.* v. *Biloxi Canning Co., supra.*

All the instructions given by the court to the defendant were objectionable and incorrectly state the law. These instructions authorized the jury, and directed the attention of the jury, to the incompetent evidence with reference to the amount of carbon required for the plant and the price of carbide, and other things that were in direct conflict with the written contract, solemnly entered into.

*Currie & Currie,* for appellee.

The issues raised by these pleadings on the warranty were: 1. Did the appellant warrant specially and in writing, the character of the material and durability of the apparatus or lighting plant? 2. Was the warranty genuine, true, and made in good faith, or was it false and fraudulent and made in bad faith? 3. If false and fraudulent, was it made for the fraudulent purpose of inducing the appellee to sign the contract and to buy the apparatus?

The following issues were raised as to the representa-

tions of the agent, Easterling.  1.  Did he falsely and fraudulently represent that there was a contract as averred in the special plea, under which the price of carbide was fixed at five dollars and twenty cents per hundred pounds, that the price would not go up and that one hundred pounds would operate the plant for six months?  2. If he did, did he make such false and fraudulent representations, for the fraudulent purpose of inducing the appellee to buy the plant and sign the contract and note?  3. Was the appellee thereby induced to buy the apparatus and sign the contract and note?

As to the fact of the warranty and the intent with which it was made, the jury found that the warranty was actually made and that it was made with fraudulent intent to induce the appellee, and others dealing with the appellant, to buy the carbide plant.  The warranty was a part of the contract of sale and purchase and the appellant was bound to comply literally with the terms of its warranty.  *Masons' Union Life Ins. Ass'n* v. *Brockman,* 50 N. E. 493, 497, 20 Ind. App. 206; *Blumer* v. *Phoenix Ins. Co.,* 45 Wis. 622; *Campbell* v. *New England Mut. Life Ins. Co.,* 98 Mass. 389; *McDermott* v. *Modern Woodmen of America,* 71 S. W. 833, 97 Mo. App. 636.

The instructions, as modified by the court correctly stated the law under appellant's theory of the case.  The case of *Lumbermen's Supply Co.* v. *Poplarville Sawmill Co.,* 78 So. 157, cited by appellant demonstrates conclusively that the court correctly modified the instructions, assuming that appellant's theory of the case was correct.  Where one sells another goods which are wholly worthless, even though no fraud be perpetrated upon the purchaser, yet the purchaser under such conditions is not required to return or to offer to return the goods; this, as we have said, notwithstanding the transaction may have been most innocently entered into by both parties. *Dulany* v. *Jones & Rogers,* 57 So. 225; *Ash* v. *International Harvester Co. of America,* 58 So. 529.

We will not take the time of the court to criticise each of the cases cited by appellant in an effort to show that appellee should have returned the lighting plant to appellant, we content ourselves by saying that the court will find upon examination of the cases that in each case the purchaser either kept and used the goods after discovering the defects, as in the case of *Lumbermen's Supply Co.* v. *Poplarville Sawmill Co., supra;* or cases in which no warranty was made; or cases in which the purchaser had a limited time under the contract to demonstrate or try out the machinery as in case of *Case Threshing Machine Co.* v. *McCoy;* 72 So. 138. Not a one of the cases cited are applicable to the principles involved in this case.

We call the court's especial attention to the case of the *J. B. Colt Co.* v. *Price,* 97 So. 696. In this case just cited the court expressly held that a corporation electing to stand by its agents' contract is bound by his representations as to its contents.

ETHRIDGE, J., delivered the opinion of the court.

The appellant, J. B. Colt Company, sued the appellee in the circuit court upon a promissory note executed in pursuance of a contract made between the appellant and the appellee for the purchase of a certain appliance for lighting the premises of the appellee. The amount of the note was two hundred forty-eight dollars and eighty cents. The contract was accepted at the New York office of the company by its credit manager on the 21st of July, 1920. A promissory note executed in pursuance of the contract was dated October 15, 1920. The contract of sale contained the following:

"*Warranty.*—It is agreed that in accepting this order the company warrants the apparatus furnished to be a thoroughly durable galvanized steel acetylene generator, automatic in action, and of good material and workman-

ship, and that it is on the permitted list of the National Board of Fire Underwriters.

"If the purchaser shall instruct the company not to ship the material, the, company may at its option either hold the goods for the purchaser or deliver the material to a common carrier consigned to the purchaser, and either action on the part of the company shall be considered as full performance of the contract by the company. .

"This order shall become a contract between the purchaser and the company upon acceptance thereof in the space below by an officer or a credit manager of said company; it being understood that this instrument, upon such acceptance, covers all of the agreements between the purchaser and the company, and that no agent or representative of the company has made any statements or agreements verbal or written modifying or adding to the terms and conditions herein set forth. It is further understood that upon the acceptance of this order the contract so made cannot be altered or modified by any agent of the company, or in any manner, except by agreement in writing between the purchaser and the company acting by one of its officers."

The defendant defended upon the ground, first, that the agreement was induced by fraudulent representations of the agent taking the order; that such agent represented that certain materials necessary for the operation of the plant could be bought at a named price, and that the Colt Company had a contract with the manufacturer that the price would not be advanced above the amount named during the year following the purchase, and also made certain representations about the cost of operation, showing that it would be cheaper than using oil; and that the defendant was compelled to use more of the material than the agent represented would be required, and that the price was about two dollars per one hundred pounds more than the agent repre-

136 Miss.—42.

sented it would be. He also defended on the ground that the warranty was untrue, and that the appliance did not come up to the warranty set out in the above quotation.

It appears from the plaintiff's evidence that the apliance made the light it was represented it would make; that the light was all right, but he says he was unable to operate it because of the excessive cost, and mainly he abandoned it because of the excessive cost. He did operate it for some few months after its installation. He also said that it rusted out, and that it was made of tin and painted over, and not made of galvanized steel.

The plant was installed by a man named Bishop, who was not the salesman who sold it, and the report of the installation is accompanied by a purchaser's statement in which he states:

"(1) I witnessed the above-described tests.

"(2) The blow-off pipe (one inch) has been connected in accordance with the instructions for installing.

"(3) The installer fully explained to me the recharging of the generator.

"(4) The instruction card and important notice card received and tacked up near generator.

"15) The installation is complete and satisfactory."

The financial statement of the purchaser rendered to the company signed by the appellee and his wife represented that the appellee was worth $15,000 in real estate; that there were no mortgages on it, and no debts; and that the personal property was of the value of five thousand six hundred dollars which the appellee testified was incorrect. He testified that he was not worth fifteen thousand dollars; that, if he had been worth that much, he would probably have kept the lighting plant and operated it as he could have afforded to do so. He admits signing the contract and the statement referred to, and that he could read and write. But he says that he did not read the contract or the statement. He further testified that the automatic feature of the appliance

warranted in the contract would not work automatically, but that it worked irregularly, and that the result was that the generator would overflow and cause disagreeable odors.

The appellant objected to the testimony of the appellee as to the verbal statements made by the agent, and his objections were overruled, and exception taken; all of which was submitted to the jury with a resulting verdict in favor of the defendant.

The court, among other instructions for the defendant instructed as follows:

"The court instructs the jury that Mr. Odom had a right to rely on the representations made by the representative of the plaintiff as to the quality, character, use, and general construction of the plant, if any, as inducement for signing the contract; and if you believe from the evidence in this case that the agent represented certain matters and things as facts which things were presumably within the knowledge of the agent, then Mr. Odom was under no obligation to make an independent investigation."

The court also gave the following instruction: "The court instructs the jury that, if you believe from the evidence that the representations of the plaintiff claimed that plaintiff had a contract whereby carbide would not advance in price, and that said representations were false, fraudulently made to induce the defendant to sign the contract of purchase and the note sued on, and if, after the defendant had signed the contract and note on account of said false and fraudulent representation, the defendant learned that there was no such contract, then he is not bound by said contract and note, and you should return a verdict for the defendant, Mr. Odom."

We think it was error for the court to admit the evidence of the representations made by the agent who procured the order under this contract, and that it was error to give the two instructions which submitted to the jury

the hypothesis embraced therein with reference to such representations. The contract showed on its face that it was to come into force only upon being approved by an officer of the company or its credit manager, and that it was not to take effect until such approval was had. It contained a representation by the signer of the contract that no representations had been made to him by the agent that were not embraced in the contract. It also contained a stipulation that the contract embraced all the agreements between the parties. Ordinarily, where an agent has authority to execute a complete contract for its principal, and does so, it may be avoided if the agent made fraudulent representations to induce the signature or execution of the contract. But where the contract shows on its face that it is not to be executed by the agent for the company, but is to be sent to the company to be approved by some officer or manager of the company and the purchaser represents in his contract that no representations have been made to him other than that contained in the contract, the company has a right to rely upon such stipulations by the purchaser.

Every person has a constitutional right to limit the powers of his or its agents, and if it reserves a right to pass upon the contract as sent to it, and the purchaser represents in such contract that no outside representations have been made, and the contract contains all the agreements of the parties, such purchaser will not thereafter be permitted to show statements made by the agent to him not embraced in the contract, where such person is able to read and write, and to note the terms of the contract in writing before he signs it, and his failure to read it will not exonerate him from the consequences resulting from such failure to read. He cannot represent to the company that no representations have been made by the agent to procure the execution of the contract, and thereafter repudiate it on the ground that the agent misled him. Under the evidence in the record

it was competent to submit to the jury the question as to whether the evidence was what it was represented to be in the contract. If it did not come up to the warranty, the purchaser has a right to a reduction where the appliance has a value to the extent of the difference between the actual value and the purchase price under the warranty.

This case is not one that presents a case where the appliance is wholly without value. There was no offer to return to the company or notice of any breach of warranty until the note matured. Therefore this case does not present a case where the appliance is wholly worthless.

The judgment of the court below will therefore be reversed, and the case remanded for further proceedings in accordance with this opinion.

*Reversed and remanded.*