### Brenard Mfg. Co. v. Sumrall.[*]

(Division B.   May 25, 1925.)

[104 So. 160.   No. 24976.]

1. SALES. *Experienced business man, who signed contract and notes, held not entitled to submission to jury of whether he was fraudulently induced to sign contract by misrepresentations that it was contract of agency.*

   Experienced business man, who signed contract for purchase of phonographs and notes for purchase price, after several hours of discussion of transaction with seller's agent, was not, in action on notes, entitled to submission to jury of question of whether he had been fraudulently induced to sign contract by misrepresentation that he was signing contract of agency.

2. EVIDENCE. *Written contract of purchase cannot be contradicted by proof of contemporaneous oral understanding.*

   Written contract for purchase of phonographs could not be contradicted by proof of contemporaneous oral understanding that contract was in fact one of agency.

3. SALES. *Facts held to establish ratification by buyer of contract alleged to have been procured by fraud.*

Buyer who accepted goods and copies of notes, and advised seller that goods were satisfactory, and who made effort to sell them to customers, ratified contract, and could not defend action on notes on ground that he was induced to sign contract by fraudulent representations that contract was one of agency.

*Headnotes 1. Contracts, 13 C. J., sections 250, 991; Sales, 35 Cyc., pp. 68, 86; 2. Evidence, 22 C. J., section 1586; 3. Contracts, 13 C. J. section 303.

APPEAL from circuit court of Lamar county.

HON. J. Q. LANGSTON, Judge.

Suit by the Brenard Manufacturing Company against R. E. Sumrall. Judgment for defendant, and plaintiff appeals. Reversed and judgment rendered.

*T. E. Salter,* for appellant.

The propositions to which I wish to call the court's special attention are these:

## I.

The evidence adduced on the trial does not establish, nor even tend to establish, defendant's plea of fraud. The gravamen of defendant's plea of fraud was that he refused to purchase the Claxtinolas; that thereupon, Walker agreed, orally, to appoint defendant, plaintiff's agent at Sumrall for the sale of these machines upon condition that defendant grant plaintiff floor-space in his store for the machines and that he exhibit and display same; that the defendant reluctantly consented thereto, and that the said Walker waited until the train, on which he was to depart, was at the depot, and then, when defendant did not have time to read it, Walker presented the contract which the said Walker assured him was a contract appointing him agent of the plaintiff. The only fraud attempted to be set up in said plea was the act of Walker in presenting the written contract at a time when defendant did not have time to read it, and in

then assuring defendant that the contract was one making the defendant the agent of plaintiff for the sale of these machines.

But what is the proof on this matter as shown by the record of the trial? The proof shows that Walker was in and around defendant's store discussing the matter some two or three hours. That on this occasion, he not only signed the contract, but that he executed six promissory notes, all of which he delivered at the same time to the agent, Walker. That he executed these papers deliberately, sitting down at his desk or counter, under a bright electric light; that when he signed the only paper, which the witness, Ollie Stringfellow, saw him execute, and therefore presumably, the last he did sign, the train had not reached the depot, but was blowing for the crossing. The defendant's son, a witness in his behalf, testifying as to what was said and done, stated that the agent simply handed the papers to his father and that he signed them. This record discloses that defendant is an experienced business man, a general merchant.

The character of the papers themselves, the circumstances under which they were executed, and defendant's subsequent dealings with the property, utterly refutes his plea that he did not know that he was executing notes, and that his signature was acquired by the fraud of Walker.

The proved facts do not constitute fraud in law and the legal effect of the court's action was to permit oral testimony to vary the terms of a written instrument. 26 C. J. 1062.

## II.

Even though the defendant had made out a perfect defense of fraud, in legal contemplation, it would have availed him nothing, for the record discloses affirmatively that, if the fraud existed and was proven, yet the defendant waived the fraud and ratified the contract by accepting the goods upon their arrival, by furnishing the mailing list called for in the contract, opening up, ex-

hibiting, displaying and using every possible, honorable, means to sell them, retaining them in his possession and exercising full authority and control over them from February 11, 1922, to April 15, 1922.

If a party entitled to rescind a contract for fraud fails to exercise his right within a reasonable time after the discovery of the fraud, he will not be permitted to rescind, the delay being construed as an affirmance of the contract. 1 A. & E. Ann. Cases 910; *Goodall* v. *Stewart,* 65 Miss. 157; *Brown* v. *Norman,* 65 Miss. 369.

What is a reasonable time or undue delay where the facts are not disputed is a question of law. Reasonableness in such cases belongeth to the knowledge of the law, and it is therefore to be decided by the court. *Morgan* v. *McKee,* 77 Pa. St. 228; *Bacon* v. *Green,* 36 Fla. —, 18 So. 870; *Collins* v. *R. R.,* 104 Ala. —, 16 So. 140.

It was the duty of the court in the instant case, to apply the principles of law enunciated in those cases, and to exercise its knowledge and prerogative, by granting the motion for a peremptory instruction. This were true even though defendant had not admitted on the witness stand that he did not repudiate the contract within a reasonable time. We again insist that the court should have granted the peremptory instruction.

*J. W. Shanks,* for appellee.

Learned counsel for plaintiff seems to labor under a misapprehension as to just what the testimony of defendant and his witness was as to the misrepresentations of plaintiff's agent Walker, and the evidence of all the witnesses, that defendant was only to act as agent in the sales of the ''Claxtinolas or graphophones'' and never intended or agreed to purchase them under any circumstances, but was only to grant floor space to display them; it is also contended by counsel that defendant kept them an unreasonable length of time and treated them as his property, which is not borne out by the facts.

All of the authorities uniformly hold that fraud vitiates all contracts in law and in equity. A buyer who signs a contract upon the representations of the seller, can repudiate it, although he had a chance to read it and did not. 78 So. 902.

And it is nowhere denied in this record that the agent Walker made the fraudulent representations as alleged and proven by all defense witnesses, and the court will note the fact that the agent Walker is not a witness for the plaintiff, nor is it shown that plaintiff even tried to have his depositions to deny the allegations of fraud as set up in the special plea, which if not true, was the only witness to swear that it was not true, hence the question, "Where is Walker?"

For a similar case in which these same plaintiffs were plaintiffs and the same pleas were filed and the evidence practically the same. See *Brenard Mfg. Co.* v. *Cannon*, 96 So. 760. See, also, 41 Miss. 616.

HOLDEN, P. J., delivered the opinion of the court.

The appellant, manufacturing company, sued the appellee, R. E. Sumrall, for three hundred and twenty-eight dollars, as evidenced by six promissory notes representing the purchase price of two musical instruments, designated "Golden Throated Claxtinolas," which are commonly called phonographs. After the contract and notes were signed and forwarded to the appellant, the instruments were shipped to and received by Sumrall, who acknowledged their receipt and kept them for sale for several weeks.

Mr. Sumrall wrote appellant that the instruments had "arrived in good shape and are O. K. You can start your advertising at once, and we will do some business I think." About a month after this time, Sumrall again wrote appellant saying that he had "put forth every effort I know how to sell those machines and have failed."

Upon the refusal of Sumrall to pay the notes given for the instruments, this suit was filed, and upon the trial the jury rendered a verdict in his favor, from which this appeal is prosecuted.

At the trial the defendant, Sumrall, pleaded the general issue, and also set up fraud in securing the contract and notes. He claimed that he was misled by the agent of appellant in signing the contract and notes, in that he thought he was signing a contract of agency instead of that of purchase, and his testimony in the case was to that effect, and it was upon this theory of fraud that the case was submitted to the jury.

Sumrall was an experienced business man, but claimed he did not understand that he was signing the contract and notes for the purchase of the musical instruments. The instruments were shipped to him along with a copy of the contract and the notes, original invoice, and the bond called for in the original order. Sumrall received these documents, accepted the musical instruments, and attempted for a considerable time to sell them in his place of business, but failed to do so, and wrote appellant that he had made every effort to sell them.

The plaintiff below, appellant here, requested a peremptory instruction in its favor, on the ground that the testimony of appellee, Sumrall, together with the correspondence and other facts and circumstances in the case, showed conclusively that, in the first place, there was no fraud in obtaining the contract, and, second, that, if there was fraud in securing the contract and notes, then the fraudulent contract was ratified by Sumrall when he received the instruments with the copies of the contract, notes, bond, etc., and kept the instruments for many weeks in an effort to sell them, and writing to appellant that he had received the instruments and that they were O. K.

We are of the opinion the position taken by appellant is well grounded, and that the peremptory instruction asked should have been granted. We do not think the testimony is sufficient to sustain the claim of fraud in se-

curing the contract and notes. An experienced business man, who discusses a transaction for several hours with an agent, and then deliberately sits down and signs the contract and notes, ought not to be heard to say that he did not understand so plain a transaction, and that an oral understanding had contemporaneously with the written contract, may be shown to contradict the written instrument.

But, even if the testimony herein was sufficient to raise a question of fraud for submission to the jury, then the appellee could not have such question submitted because he ratified the fraudulent contract by accepting the goods, and copies of notes, etc., advising appellant that they were all right, and endeavored to sell them to customers. He did not reject what he contends was a fraudulent contract, by refusing to take the instruments after seeing that he had signed the notes and contract of purchase; on the other hand, he accepted and kept them, and advised the seller that they were O. K., and "we will do some business I think." A fraudulent contract under such circumstances will become binding. It is only another instance of a person unwisely entering into a contract which proves unprofitable.

In view of these conclusions, the judgment of the lower court is reversed, and judgment entered here for appellant.

Reversed, and judgment here for appellant.

*Reversed.*