Brenard Mfg. Co. *v*. Baird.[*]

[106 So. 82. No. 25220.]

(Division B. Nov. 30, 1925.)

Bills and Notes. *Granting peremptory instruction where evidence was conflicting held error.*

It is error to grant a peremptory instruction where the evidence as to the issues in suit is conflicting.

---

[*]Headnote 1. Bills and Notes, 8 C. J., Section 1371; Trial, 38 Cyc., p. 1568.

Appeal from circuit court of Monroe county.

Hon. C. P. Long, Judge.

Action by the Brenard Manufacturing Company, a partnership composed of T. O. Loveland and J. L. Records, against R. R. Baird, on notes. Judgment for defendant, and plaintiffs appeal. Reversed and remanded.

*Paine & Paine,* for appellant.

The trial court in disregarding the testimony of the appellant's witnesses and the legitimate inference deducible therefrom and granting a peremptory instruction to appellee was acting in direct conflict with the law. *Brenard Mfg. Co.* v. *Little,* 105 So. 762; *Brenard Mfg. Co.* v. *B. M. De Shazo,* 105 So. 766; *McKinnon* v. *Braddock,* 104 So. 154; *Brenard Mfg. Co.* v. *Sumrall,* 104 So. 164; *Reed Bros.* v. *Bluff City Motor Co.,* 104 So. 161.

*J. O. Prude,* for appellee.

The uncontradicted proof absolutely sustains the opinion of the trial court. If the appellant failed to promote the sales of these machines, as shown by the uncontradicted proof in this cause, then it breached its contract with appellee and appellee was thereby given the right to refuse payment of the notes executed by him as a consideration for the contract. Lucile Roote was the only person who could have possibly been a competent witness for the appellant on this proposition, and the record in this cause fails to disclose the testimony of Lucile Roote because she was not examined as a witness in the cause, for reasons not known to appellee.

The trial court could not have done otherwise than sustain the motion for a peremptory instruction asked for by appellee.

Argued orally by *Thomas Fite Paine,* for appellant.

Ethridge, J., delivered the opinion of the court.

The appellants, a partnership composed of T. O. Loveland and J. L. Records, sued the appellee on certain promissory notes given in a transaction for the purchase of an agency and two Claxtonola phonographs, and certain records for use with the Claxtonolas. The appellee was to have the exclusive agency for the sale of the Claxtonolas at Amory, Miss., and was to be furnished two different priced and styled Claxtonolas, for which he was to pay three hundred twenty-eight dollars, which amount was divided into several promissory notes sued on in the present case. In this contract it was provided that the buyer was to reorder to replace a Claxtonola which had been sold, and that appellants were to accept appellee's customers' notes when properly indorsed to them. It was provided, also, that if the sales under the contract did not amount to three hundred twenty-eight dollars that the seller was either to pay the buyer the difference in cash or in the repurchase of the phonographs and records, if they were returned in good condition. The sellers were to send their bond in the sum of three hundred twenty-eight dollars to protect the buyer in the contract. The language as to the contract is:

"And you are to send your bond in the sum of three hundred twenty-eight dollars to protect me in the conditions of this contract."

It was then provided that the buyer was to furnish within thirty days the names and addresses of fifty persons who might be interested in procuring these phonographs with whom the sellers were to take up correspondence, and that each sixty days the buyer was to furnish from ten to twenty-five names and addresses of persons interested in procuring such phonographs, to whom the sellers were to send appropriate advertising matter. It was further stipulated that the sellers were to have the right to send special salesmen to the territory to work the field and to promote sales of these phonographs through the buyer's agency. It was then stipulated:

"In order to protect you in your special methods and plans and in your expenditures, this order cannot be countermanded."

This provision was from the buyer to the seller. The order was secured by a salesman representing the seller, but whose authority only extended to procuring and forwarding contracts for the acceptance of the seller. The order or contract was forwarded to Iowa City, Iowa, the place of business of the seller, and was there accepted in a letter dated April 18, 1921, notifying the appellee of the receipt and acceptance of the order and receipt of the notes, said notes being dated April 15, 1921. On April 25, 1921, the Claxtonolas were shipped by express from Geneva, Ill., to the appellee at Amory, Miss. On April 29, 1921, appellant wrote the appellee requesting to be furnished the fifty names and addresses of persons interested in procuring Claxtonolas, and the list of names was sent. On receipt of the list of names, on May 6, 1921, the seller wrote the buyer acknowledging receipt of the names, and notifying him they were ready to take up correspondence with the persons named in the list of names as soon as the buyer was ready to start, and making certain suggestions. The appellee returned a letter written him by the appellant on June 14, 1921, in which the appellant stated:

"You have not given us the names of persons to whom you have demonstrated the 'Golden Throated Claxtonola,' and who have shown a special interest in the purchase of a phonograph. Send us these names, and at the same time give us minute details as possible relative to each person and what they thought of the Claxtonola, so that we may make our correspondence with them as personal as possible."

On the margin of this letter appellee wrote:

"I have returned the two machines as your salesman told me to do in sixty days if they did not sell. I mailed the list of names to you some several days ago."

On June 17, 1921, the appellant wrote the appellee they had refused to accept the return of the machines and remonstrated about the appellee returning them.

The defendant pleaded the general issue, and gave special notice under the general issue that he would show by evidence that as a part of the contract with plaintiff that it was provided that the plaintiff would execute to the defendant a good and valid bond for the proper performance of the said contract on the part of the plaintiff, and that plaintiff failed and refused to do so, and would show by evidence that the plaintiff as part of said agreement agreed to do certain advertising, which it failed to do; that the defendant carried out his contract until the plaintiff failed to carry out his contract; and that it was agreed in said contract that if the defendant's sales did not aggregate three hundred twenty-eight dollars under the contract that the phonographs might be returned within sixty days at which time the first note became payable, and that the defendant might return the goods at the price which was represented by the notes, and that he notified the plaintiff that he was returning the goods to satisfy plaintiff's claim or notes. Depositions for the plaintiff, the appellant, showed that it had made out, signed, and mailed a bond signed by the individual members of the partnership for three hundred twenty-eight dollars, conditioned according to the contract. They also testified that they had prepared the advertising matter and mailed it to the list of names furnished. The testimony for the plaintiff was direct and positive as to each of these facts. The defendant placed some five witnesses out of the fifty upon the stand as witnesses for the defendant, who testified that they did not receive such advertising matter, and the defendant testified that the agent in taking the contract represented that the bond would be the bond of a surety company, and that the buyer could return the phonographs at the end of sixty days in satisfaction of the notes if he did not make sale of them, and that he had written the

sellers the next day following the signing and delivery of the contract of this agreement with the agent.

At the close of the evidence the circuit judge granted a peremptory instruction for the defendant, and judgment was entered for the defendant, from which this appeal was prosecuted.

·We have heretofore had some of these contracts of the Brenard Manufacturing Company before us and decided certain features of the case: *Brenard Manufacturing Co.* v. *Sumrall* (Miss.), 104 So. 160; *Brenard Manufacturing Co.* v. *De Shazo* (Miss.), 105 So. 766; *Brenard Manufacturing Co.* v. *Little* (Miss.), 105 So. 762.

We think it was error for the court below to grant a peremptory instruction, and the judgment will be reversed and the case remanded for a new trial.

*Reversed and remanded.*