J. B. COLT CO. *v.* HINTON.*

(Division B.    Oct. 25, 1926.)

[109 So. 856.    No. 25838.]

EVIDENCE.    *Where written contract provided that it covered all agreements, that no representative had made statement modifying or adding to its terms, and that order for goods could not be altered or modified, except by written agreement, admitting evidence of agent's agreement varying terms of contract was error.*

Where a contract for sale of property provides that upon acceptance the written contract covers all of the agreements between the purchaser and the company, "and that no agent or representative of the company has made any statement, verbal or written, modifying or adding to the terms and conditions herein set forth, . . ." and that said order "cannot be altered or modified by any agent of the company in any manner except by agreement in writing between the purchaser and the company

acting by one of its officers," it is error to admit evidence varying the terms of the contract by a mere agent of the company.

*Corpus Juris-Cyc References: Evidence, 22CJ, p. 1253, n. 36; General rule that parol evidence not admissible to vary, add to or alter a written contract, see note in 17 L. R. A. 270; 10 R. C. L. 1033; 4 R. C. L. Supp. 687; 5 R. C. L. Supp. 583.

APPEAL from circuit court of Perry county.
HON. R. S. HALL, Judge.
Action by the J. B. Colt Company against I. J. Hinton. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

*C. C. Smith* and *Welch & Cooper*, for appellant.

This suit was founded upon a note evidencing the purchase price of a lighting plant. The contract of purchase and other contracts are the same as those considered by this court in *Colt Co.* v. *Odom*, 101 So. 853. The court erred in refusing the peremptory instruction requested.

The court will observe that the contract is simply the order of certain machinery and appliances. The installation is separate and separately paid for. It is sold with only two warranties. Nothing is said about the pipes not leaking. This, clearly, is a fault of the installation. Appellant sold the plant but did not install it.

As to the amount of carbide required, this court in *Colt Co.* v. *Odom*, 101 So. 853, held that the amount of carbide necessary was not warranted. So appellee has obtained what he bought. No warranty has been breached. The things warranted, so far as this record shows, have come up to the warranty. The machine, as the record shows, was in accord with the contract. There was no deviation therefrom.

The instruction given appellee is erroneous in two particulars: (1) The jury is told that "if you believe from the evidence that said light plant is useless and value-

less for the purpose of lighting, then you will find for the defendant." In other words, the jury is told that if useless or valueless as a lighting plant, the verdict should be for the defendant. But see *Colt Co.* v. *Mazingo*, 106 So. 533; *Colt Co.* v. *Odom, supra.*

(2) The court will note that the instruction says that if the jury believes that the note sued on was in renewal and that the consideration was a light plant; and if the jury believes that appellant agreed to put the plant in the condition originally promised and *that said promise was the only consideration of the note sued on,* and the plant was valueless, the verdict should be for the defendant.

This is an involved instruction. But from it may be inferred that if the jury believed the promise was the *only consideration,* the verdict should be for the appellee if the plant was useless as a lighting plant.

Manifestly, the promise was not the only consideration. The purchase price of the plant was there. The appellee obtained further time in which to pay. We submit that the instruction is fatally erroneous.

*A. T. L. Watkins* and *H. D. Young,* for appellee.

If it were not for the instruction which appears to be in the face of *J. B. Colt Co.* v. *Odom,* 101 So. 853, and *J. B. Colt Co.* v. *Mazingo,* 106 So. 533, we would ignore the appeal. The pleading and proof show without contradiction that the plant was worthless, but the instruction has this appendage to it "worthless as a light plant." Of course, every juror knew if it was worthless as a light plant, it had no value in the world, but we omitted to make such proof. We ask the court to remember that the note sued on was not given for the light plant, but on the sole promise to put the light plant "spick and span" and the testimony is "that they never touched it."

It is not true that the suit was founded upon a note, evidencing the purchase price of a lighting plant, and all

the depositions about the conditions of a light plant up
in New Jersey or New York were foreign to the issue.
The sole question was whether the appellant complied
with its promises made to secure the signature to the note.

Appellant got all the issues to the jury it was enitled
to and the jury found against it and the cause should
be affirmed.

Argued orally by *A. T. L. Watkins,* for appellant.

ETHRIDGE, J., delivered the opinion of the court.

Appellant, J. B. Colt Company, sued appellee upon a
promissory note taken for the purchase money of a light-
ing plant bought from the Colt Company under a con-
tract.

This contract for the purchase of said lighting plant
provided that in consideration "of the acceptance by the
company of this order the undersigned agrees to pay the
company two hundred forty-three dollars and sixty-five
cents twelve months from date of acceptance of this or-
der. The purchaser agrees to execute and deliver to the
company, within ninety days from date of acceptance of
this order, a promissory note for the amount aforesaid,
and payable in twelve months from date of acceptance of
this order, without interest." It then contains a war-
ranty as follows:

"It is agreed that in accepting this order the company
warrants the apparatus furnished to be a thoroughly
durable galvanized steel acetylene generator, automatic
in action, and of good material and workmanship;
. . . it being understood that this instrument, upon
such acceptance, covers all of the agreements between
the purchaser and the company, and that no agent or rep-
resentative of the company has made any statements,
verbal or written, modifying or adding to the terms and
conditions herein set forth. It is further understood that

upon the acceptance of this order the contract so made cannot be altered or modified by any agent of the company or in any manner, except by agreement in writing between the purchaser and the company acting by one of its officers.''

Defendant, by plea, undertook to set forth oral agreements with an agent, and gave evidence that the note was given in renewal of the contract obligation guaranteeing the plant to operate, and upon certain statements made by such alleged agent to procure said note. It is further alleged that the light plant was defective both in material and workmanship, without setting forth at large what the defects consisted of. It is further set forth in the plea that the person taking said renewal note solemnly promised, as an inducement to procure said renewal, that plaintiff would repair at its own expense, and, when so repaired, it would be a perfect light plant as originally recommended, and so fraudulently secured the execution of the renewal note sued on.

The defendant testified, over objection, to the matter set forth in the plea that the light plant was worthless as a lighting plant, and that he had offered to return it to the company.

The court gave the defendant, among others, the following instruction:

''The court instructs the jury for the defendant that, if you believe from the evidence that the note sued on is a renewal, and the consideration was, and is, the light plant shown and mentioned in the several exhibits, and if you further believe that the plaintiff's agent agreed to put the light plant in the condition as originally promised, and if you believe that said promise was the only consideration of the note herein sued on, and if you further believe from the evidence that said light plant is useless and valueless for the purpose of a lighting plant, then you will find for the defendant.''

We are of opinion that it was error to give this instruction, and that this case is controlled by *Colt* v. *Odom*, 136 Miss. 651, 101 So. 853.

*Reversed and remanded.*