STEVENS *v.* STANLEY.*

(Division B.  April 15, 1929.  Suggestion of Error overruled, June 10,
1929.)

[121 So. 814.  No. 27821.]

*Corpus Juris-Cyc References: Bills and Notes, 8CJ, section 684, p.
465, n. 21; section 730, p. 518, n. 60; sections 1005-1006, p. 718, n. 12;
Sales, 35Cyc, p. 67, n. 33.

*Loving & Loving,* for appellant.

*Frierson & Weaver* and *Lincoln & Lincoln,* for appellee.

Argued orally by *John W. Frierson,* for appellee.

ETHRIDGE, P. J. The appellant, plaintiff in the court below, filed suit upon certain promissory notes executed by the appellee, E. A. Stanley, to the Brenard Manufacturing Company and payable to its order. The defense of the appellee was that the notes were fraudulently procured by the agent of the Brenard Manufacturing Company by making false representations as to the transaction involved for which the notes were given. The appellee also pleaded the general issue, and a special plea alleging that the appellant was not a purchaser of said notes for value without notice, but that he was aware of the transaction between the Brenard Manufacturing Company and the appellee, the defendant.

At the time of the making of the contract between the Brenard Manufacturing Company and the appellee, the notes were executed by the appellee to this company, and appear to have been originally attached to the contract and perforated for the purpose of detachment. This contract, among other things provides: "Upon your approval of this order and agency agreement deliver to me at your earliest convenience F. O. B. factory or distributing point, the articles mentioned below which I purchase on the terms and conditions herein set forth and no others, all of which I have read and found complete and satisfactory and in payment for which I herewith hand

you my notes aggregating five hundred sixty-five dollars which you are to cancel and return to me if this sole and complete agreement is not approved by you.''

The order then provided for certain phonographs, with radio attachment, giving the number required, name and style, and retail price thereof to the appellee; the total retail price being eight hundred forty-three dollars, and the net price thereof five hundred sixty-five dollars, which included services and privileges stated therein. The contract then provided for the establishing of an agency in the appellee for a period of three years. It was agreed also that the appellee would reorder and replace such machines as fast as they were sold out by him, and that the Brenard Manufacturing Company would accept his customers' notes or installment paper, when properly indorsed to it, applying sixty per cent of each cash payment against such reorder, and mailing the remaining forty per cent to the appellee; that if the appellee's sales, under this agreement, did not amount to five hundred sixty-five dollars, the Brenard Manufacturing Company would either pay the difference in cash to appellee, or repurchase the goods purchased thereunder—if returned in good order—from him, and that the company would send to appellee a bond in the sum of five hundred sixty-five dollars to protect him in the conditions of the contract; that to make such agreement binding regarding the sale of such machines, appellee would agree to furnish within thirty days from the date of contract, fifty names and addresses of persons who might be interested in the purchase of phonographs of such line, with whom the Brenard Manufacturing Company was to take up correspondence, itself, and the appellee each sixty days was to furnish from ten to twenty-five additional names and addresses of persons with whom the Brenard Manufacturing Company was to take up correspondence in the appellee's name in assist-

ing him to establish the agency. The contract then provided: "In consideration of tying up territory and to protect you in your special methods and plans and in your expenditures this order cannot be countermanded or cancelled. No verbal or other agreement not appearing herein shall be binding upon you" (meaning the Brenard Manufacturing Company). This contract was signed as follows: "Stanley's Music & Book Store, by E. A. Stanley. (Authorized Buyer)," and was mailed to the Brenard Manufacturing Company at its address, Iowa City, Iowa. Accompanying this contract was a form signed by the agent who procured the contract, representing that no verbal representations had been made not contained in the contract; and, by its terms, this contract was to become effective by the approval and acceptance of the Brenard Manufacturing Company.

The proof on the issue as to whether or not the appellant was a *bona-fide* purchaser for value, we think, is sufficient to establish conclusively that he was a *bona-fide* purchaser for value, and that there was no evidence from which the court or jury could rightfully find that he was not such; but, independent of this provision of law, if the appellant should be treated as a purchaser with notice of the existence of the contract and all of its terms, still the finding should have been for the appellant.

The appellant requested a peremptory instruction, which was refused.

It will be noted from the provisions of the contract set forth above that the appellee stated that no representations had been made which were binding on the Brenard Manufacturing Company not written in the contract, and also that he ordered the goods upon the terms contained in the written contract, and no others. We think, therefore, if the appellant, Stevens, was charged with all notice of the terms of the contract, he would still be entitled to recover, because it would not be competent to vary the terms of a written contract by

parol evidence, or conversations with the agent. Under the proof, the agent's powers were limited to soliciting contracts which were transmitted to the Brenard Manufacturing Company for approval and acceptance; and the contract forwarded, signed by the appellee, represented to the company that no such representations had been made, likewise the agent in mailing and transmitting the contract to his principals stated that no representations had been made that were not contained in the contract.

In *J. B. Colt Co.* v. *Odom,* 136 Miss. 651, 101 So. 853, it was held that: "Where a contract procured by an agent is to be sent to the principal for approval before it becomes a contract, and where the purchaser in the written contract represents that no agent or representative of the company has made any agreements or statements, verbal or written, modifying or adding to the terms and conditions therein set forth, and that the order covers all of the agreements between the purchaser and the company, and cannot be modified, except in writing approved by the officers of the company, and such contract is accepted without notice of verbal representations or agreements, the purchaser cannot thereafter avoid the contract because of oral representations made by the agent procuring the written order." In the opinion of the court, 136 Miss. 651, at page 660, 101 So. 853, at page 855, the court said: "Every person has a constitutional right to limit the powers of his or its agents, and if it reserves a right to pass upon the contract as sent to it, and the purchaser represents in such contract that no outside representations have been made, and the contract contains all the agreements of the parties, such purchaser will not thereafter be permitted to show statements made by the agent to him not embraced in the contract, where such person is able to read and write, and to note the terms of the contract in writing before

he signs it, and his failure to read it will not exonerate him from the consequences resulting from such failure to read. He cannot represent to the company that no representations have been made by the agent to procure the execution of the contract, and thereafter repudiate it on the ground that the agent misled him.''

In the case of *Brenard Manufacturing Co.* v. *Sumrall,* 139 Miss. 507, 104 So. 160, it was held that: ''Experienced businessman, who signed contract for purchase of phonographs and notes for purchase price, after several hours of discussion of transaction with seller's agent, was not, in action on notes, entitled to submission to jury of question of whether he had been fraudulently induced to sign contract by misrepresentation that he was signing contract of agency.'' It was also held that a written contract for the purchase of phonographs could not be contradicted by proof of contemporaneous oral understanding that a contract was in fact one of agency. In *Brenard Manufacturing Co.* v. *Little,* 141 Miss. 762, 105 So. 762, it was held that a contract of sale of phonographs with exclusive agency to buyer for three years did not authorize buyer to return the machines at any time, but only machines not resold at the end of the three years' agency. See, to the same effect, *Bettman-Dunlap Co.* v. *Gertz Bros.,* 136 Miss. 160, 99 So. 384; *Brenard Mfg. Co.* v. *De Shazo* (Miss.), 105 So. 766.

There is no dispute as to the amount of the attorney's fees.

We therefore find that the court below erred in not granting the peremptory instruction requested by the appellant, and the judgment of the court below will be reversed, and judgment rendered here for the appellant.

*Reversed and rendered.*