NATCHEZ PECAN MARKETING ASS'N *et al. v.* BRAMLETT.

(Division A. Oct. 3, 1932.)

[143 So. 429. No. 29957.]

Lotterhos & Travis, of Jackson, for appellants.

Clay B. Tucker, of Woodville, for appellee.

**Smith, C. J.,** delivered the opinion of the court.

The appellee recovered a judgment against the appellants for a balance alleged to be due him on the value of pecans alleged by him to have been sold and delivered to them. The appellants, Natchez Pecan Marketing Association and National Pecan Marketing Association, are closely allied, co-operative pecan marketing associations, and one of the activities of the appellee is the growing of pecans for the market.

The case presented by the pleadings, and to which the evidence was pointed and the jury instructed, is, in substance, as follows: The appellee sued the appellants for the value of pecans alleged by him to have been sold and delivered to them, less the amount of a payment made to him thereon. The appellants pleaded in bar a special contract under which the pecans were delivered to be sold by them and the proceeds thereof accounted for to the appellee, which sale, at the time of the trial, had not been consummated. In avoidance of this plea, the appellee claims that the contract is void for the reason that it was obtained from him by means of material, fraudulent representations made to him by an agent of the appellants. The question presented to the lower court for decision was the validity vel non of this contract.

At the close of the evidence, the appellants requested, but were refused, an instruction directing the jury to return a verdict for them.

The negotiations for the contract were had by the appellee with an agent of the appellants, resulting in his reading, understanding, and signing the contract in duplicate, both copies of which were then forwarded to the appellant Natchez Pecan Marketing Association, for its acceptance and approval. It accepted, approved, and signed the contract, returning one of the signed copies thereof to the appellee.

The contract is an ordinary co-operative marketing contract by which a grower becomes a member of the co-operative association and agrees to deliver pecans grown by him to the association, which thereupon becomes the owner thereof and is obligated to make the grower certain advances on and to sell the pecans, together with pecans of other members of the association, to the best advantage, selling only such quantities at one time as will not tend to flood the pecan market and lower prices, and to account to the grower for the proceeds of the sale.

The false representations which the appellee claims the agent of the appellants made to him, and which induced him to sign the contract, were: First, the appellants then had on deposit in bank funds sufficient to enable them to pay for the pecans; and, second, the appellants had been receiving and paying to growers certain designated prices for pecans, which prices would be paid the appellee for his pecans on their delivery to the association. We will assume that the appellee's evidence supported these contentions, and will leave out of view the evidence of the appellants to the contrary. The alleged promise of the appellants' agent that they would pay for the pecans on the delivery thereof is in direct conflict with the written contract, and, of course, cannot be permitted to modify its terms.

One of the stipulations of the contract is as follows: "The parties agree that there are no oral or other conditions, promises, covenants, representations or inducements in addition to or at variance with any of the terms hereof; and that this agreement represents the voluntary and clear understanding of both parties fully and completely."

The evidence discloses no authority from the appellant to its agent to make any such representation; and, when the Natchez Pecan Marketing Association received and approved the contract, it did not know of the representa-

tions alleged to have been made to him by its agent, assuming for the purpose of the argument that such were in fact made, and therefore was entitled to rely on the stipulation of the contract that none such had been made. Colt Co. v. Odom, 136 Miss. 651, 101 So. 853; Stevens v. Stanley, 153 Miss. 801, 121 So. 814; J. B. Colt Co. v. McCullough, 141 Miss. 328, 105 So. 744; J. B. Colt Co. v. Hinton, 143 Miss. 800, 109 So. 856.

During the negotiations for the contract, the appellant's agent exhibited to the appellee a circular letter from the National Pecan Marketing Association, which, under the arrangement of the two associations, was to do the actual marketing of the pecans, setting forth that it had "arranged for complete grower financing through the Federal Farm Board and through the Federal International Credit Banks;" and this letter, the appellee claims, authorized the representation made to him by the appellant's agent that they had the money then in bank with which to pay for the pecans. There is no merit in this contention, for the letter simply stated that the National Pecan Marketing Association had arranged for complete grower financing, not that it then had the money therefor in bank.

The appellants' request for a directed verdict should have been granted.

Reversed, and judgment here for the appellants.