MISSISSIPPI PAINT & VARNISH CO. *v.* CLAYBORNE.

(Division A.   Nov. 14, 1932.)

[144 So. 465.   No. 30230.]

J. W. P. Boggan, of Tupelo, for appellant.

Geo. T. and Chas. S. Mitchell, of Tupelo, for appellee.

Cook, J., delivered the opinion of the court.

A salesman of the appellant secured from the appellee an order for roofing cement. This order was in writing, signed by the appellee, and, under the heading, "Conditions of Sale," contained the following stipulations:

"This order subject to approval of Home Office. We are manufacturers exclusively and no contracts for the application of our products are authorized by us. This order is not subject to countermand unless so specified on order. This order is not sold on consignment or approval. No agreements recognized unless incorporated. in writing on original and duplicate of orders." Written on the face of this order were the words, "six yr. contract."

The order was accepted by the appellant, and coincidently with the shipment of the materials called for thereby, it mailed to the appellee the following guaranty: "Six year guarantee. We, the manufacturers of Liquid Sealaleak Roofing Cement, hereby guarantee this cement, when applied according to the directions, to give perfect satisfaction for six years, and to contain absolutely no acids or other injurious ingredients detrimental to any surface. If it fails to give perfect satisfaction for six years, we will furnish the user, without charge, a sufficient quantity of Liquid Sealaleak Roofing Cement to keep the surface in water proof condition until the six years expire, it being part of this guarantee, that the original invoice is to be paid in full before replacement will be allowed.

"Missouri Paint & Varnish Company."

On receipt of the shipment of cement and the guaranty, the appellee returned the cement to the appellant without assigning any reason for so doing. Thereafter, suit was filed in the county court of Lee county for the purchase price of the materials, and from a judgment in favor of the appellee, there was an appeal to the circuit court, where the judgment was affirmed, and from the judgment of the circuit court this appeal was prosecuted.

In the county court the defense interposed was that the materials were purchased in reliance upon the representations of the salesman that the appellant would

furnish an experienced roofing man to place the materials on the roof, and that it would guarantee that the said roofing material would not crack, run, or drip, and would give perfect satisfaction for six years, and that, in the event it failed to so do, "the money paid to the seller thereof would be refunded to the buyer together with all damages that the buyer might have sustained in placing same on roof."

The written order which was signed by the appellee, and which he had every opportunity to read and understand, expressly provided that it was subject to the approval of the appellant's home office, and that contracts for the application of the materials purchased would not be recognized by it. It was further expressly provided in the order that no agreement would be recognized unless incorporated in writing on the original and duplicate thereof. In the face of these written stipulations of the contract, it cannot be avoided by reason of any oral representation of the appellant's agent that an experienced roofing man would be furnished to make application of the materials. Furthermore, the roofing material was returned promptly after arrival at its destination, and no request was made of the appellant to apply it.

The evidence is undisputed that the guaranty which was furnished to the appellee is the only guaranty furnished by the appellant to any purchasers of the type of material here involved. Noting the words "six yr. contract" on the face of the order did not and could not give the seller notice of oral representations of its agent that any guaranty other than its regular six year guaranty would be given.

Since the order procured by the agent expressly provided that it should not become effective, as a contract, until approved by his principal, and also provided that no agreements would be recognized unless incorporated in writing on the order, the purchaser could not avoid

the contract because of oral representations of the agent in reference to the guaranty of which the principal had no knowledge or notice.  J. B. Colt Co. v. Odom, 136 Miss. 651, 101 So. 853; Bettman-Dunlap Co. v. Gertz Bros., 136 Miss. 160, 99 So. 384; Brenard Mfg. Co. v. Sumrall, 139 Miss. 507, 104 So. 160; and Stevens v. Stanley, 153 Miss. 801, 121 So. 814.  Consequently, the peremptory instruction requested by the appellant should have been granted.

The judgment of the court below, therefore, will be reversed, and judgment entered here for the appellant.

Reversed and judgment here for appellant for amount sued for.